JOSEPH DALEY *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.    December 12, 1921. — March 6, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory, Railroad.

A passenger upon a crowded railroad train, who voluntarily sits down upon the second step of the forward platform of the last car and crosses his legs, where he is struck by a dwarf signal which was beside the track and was six and one half inches from the outside edge of the lowest step of the platform and which would not have struck him had he been standing upright, must be found to be negligent, and G. L. c. 231, § 85 does not require submission to a jury of an action by him against the railroad company for injuries so received, even if there be evidence of negligence of the defendant.

In the action above described, the fact, that the train was so crowded that twenty or twenty-five persons were on the platforms where the plaintiff was, did not excuse the plaintiff's lack of due care.

TORT for personal injuries received when the plaintiff, while a passenger on the platform of a railroad car of the defendant, was struck by a dwarf signal beside the track. Writ dated September 4, 1917.

In the Superior Court, the action was tried before *Raymond,* J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. P. Murray,* for the plaintiff.

*T. Kelly,* for the defendant.

CARROLL, J. This is an action of tort for injuries sustained by the plaintiff, a passenger on the defendant's steam railroad, while riding on the steps of the forward end of the last car on the train.

After the train left Orient Heights, the plaintiff was struck by a dwarf signal beside the track. The nearest part of this signal was about seven and one half inches from the outside of the car and six and one quarter inches from the outside edge of the lowest step. He testified that the car was crowded and that twenty or twenty-five people were on the platform; that he was seated on the second step of the car and was smoking, and at the time was crossing his right leg over the left; that if he stood up no part of his body would have extended beyond the line of the car.

The plaintiff, by sitting down on the steps of the platform of a moving car on a steam railroad, placed himself in a position of great danger; he was clearly negligent in occupying such a position that his body would be so exposed as to come in contact with the signal. On the evidence there was nothing for the jury to pass on and the judge was right in directing a verdict for the defendant.

In *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 18, a passenger riding in a car on a steam railroad permitted his arm to be out of the window, and he was not allowed to recover. It was said in *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332, at page 335: "To be either upon the platform of a car or just within its threshold on the way to and in search of a permanent place of safety within a car is quite different from voluntarily taking one's stand for the journey barely inside an open door." See in this connection *Hickey* v. *Boston & Lowell Railroad,* 14 Allen, 429; *Fletcher* v. *Boston & Maine Railroad,* 187 Mass. 463; *Renaud* v. *New York, New Haven & Hartford Railroad,* 210 Mass. 553, 555.

The fact that this particular car was crowded and that passengers were standing on the front platform of the last car and on the rear platform of the car preceding it, did not excuse the plaintiff's lack of due care. He voluntarily exposed himself to injury when he sat in a place of obvious and great danger and projected his foot beyond the line of the car. There is nothing shown on this record to justify the plaintiff in assuming he would be carried safely in such an exposed position and no excuse is shown for his sitting on the step of the platform of a moving car on a steam railroad with his foot extending beyond the line of the car. His conduct was clearly careless. All the facts are shown and St. 1914, c. 553, did not require the submission of the case to the jury. *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass.

392, 397. The case is distinguishable from that of a passenger upon a platform or running board of a street car, where there is evidence that the carrier expressly or impliedly agreed to carry him safely in such an unprotected position.

As the plaintiff cannot recover because he was not himself in the exercise of proper care, we have not thought it necessary to discuss the question whether there was any evidence of the defendant's negligence. See *Hutchinson* v. *Boston & Maine Railroad,* 219 Mass. 389, 393.

*Exceptions overruled.*