ROYAL G. LOCKE *vs.* DIRECTOR GENERAL OF RAILROADS.

Middlesex.    March 9, 1922. — April 20, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Contributory, Railroad. *Passenger.*

A passenger on a railroad train, who, as the train approaches a station, leaves his seat, moves to the front door of the car, opens the door and stands inside the car with his right hand upon the door casing and his left hand on the door knob without being invited to such action or being required so to do by a necessity arising from insufficient means of transportation, voluntarily occupies a place of danger and cannot recover for personal injuries resulting from negligent operation of the train while he is in that position.

TORT for personal injuries received by the plaintiff as he was about to leave a car of a railroad train being operated by the defendant.    Writ dated November 29, 1919.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence is described in the opinion.    At the close of the evidence, the defendant moved that a verdict be ordered in its favor.    The motion was denied.    There was a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*J. M. O'Donoghue,* for the defendant.

*J. A. Locke,* for the plaintiff.

CARROLL, J.    The plaintiff was injured as he was preparing to alight from a train, operated by the defendant, while it was slowing down to make the stop at Melrose Station.    He was a passenger in the smoking compartment of a combination smoking and baggage car directly back of the engine, the smoking compartment being next to the engine.    The plaintiff testified that he boarded the train at Oak Grove station, and sat in the front seat.    After Melrose was announced he moved toward the front door, opened it and stood just inside, when, without any warning, a sudden jerk came which broke his hold and he was thrown out of the car and injured.    There was evidence tending to show that the jerk was an unusual and sudden one and was followed immediately by another; that the passengers were thrown

against each other and some glass in the front part of one of the cars was broken. There was a verdict for the plaintiff.

The important question concerns the due care of the plaintiff. He left his seat and stood with his right hand on the door casing and his left hand on the knob. The door was not opened by the defendant's employees or by another passenger after the plaintiff took his position; it was opened by the plaintiff himself. He voluntarily and for his own convenience left a place of safety and without any invitation stood in this exposed position. In our opinion a passenger standing at the threshold of the platform of a car of a moving steam train, in the manner described, is in a place of danger; and unless required by the necessity arising from insufficient means of transportation, or led by an invitation to stand in such a place, and if he occupies such exposed position voluntarily for his own convenience, he is not as matter of law in the exercise of due care.

It has been held many times that a passenger is not ordinarily justified in riding on the platform of a car in such a train; that it is an act of carelessness and if injured he cannot recover. *Daley v. Boston, Revere Beach & Lynn Railroad, ante,* 78. In *Hickey v. Boston & Lowell Railroad,* 14 Allen, 429, the plaintiff's intestate was standing on the platform of a steam railway car coming into a station. It was held the plaintiff could not recover, and in the course of the opinion, Wells, J., said: "When the plaintiff's own evidence shows that he had left the place assigned for passengers, and was occupying an exposed position, and that the injury was due in part to the fact of such position, he must necessarily fail, unless he can also make it appear, upon some ground of necessity or propriety, that his being in that position was consistent with the exercise of proper caution and care on his part." If the plaintiff were standing on the car platform when he was thrown to the ground, there would be no question that his own want of care would prevent recovery. The fact that he stood just inside the platform does not distinguish his case from *Hickey v. Boston & Lowell Railroad, supra.* The position he occupied was a dangerous one, where he was exposed to substantially the same danger as if he had stood on the car platform, and his injuries were caused by a jar or jerk of the train which threw him from the car. If the door had been closed, or if he had been a reasonably safe dis-

tance away from it, even if the door was open, he would not have been injured; and it is plain that his injury was, in part at least, due to the exposed position he voluntarily occupied. *Fletcher* v. *Boston & Maine Railroad,* 187 Mass. 463. *Bromley* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 453. See *Shaughnessy* v. *Boston & Maine Railroad,* 222 Mass. 334. *Barden* v. *Boston, Clinton & Fitchburg Railroad,* 121 Mass. 426, is not in point. The plaintiff there was standing in the aisle three or four feet from the closed door as the train approached the station. In the case before us the door was opened by the plaintiff himself and he placed himself without justification in a position of danger. In our opinion he was not acting as a careful person should act under the circumstances. As the plaintiff's want of due care prevents his recovery, it is unnecessary to consider the question of the defendant's negligence. The defendant's motion for the direction of a verdict should have been granted.

<div align="right">

*Exceptions sustained.*
*Judgment for the defendant.*