C. Eva Mathews *vs.* Meyer Bloomfield & another.

Essex.    November 13, 1923. — November 26, 1923.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Jenney, JJ.

*Insurance*, Liability: use of motor vehicle.

A policy issued to the owner of an automobile insured him " against loss or liability growing out of the operation of " the automobile " if it was a pleasure car and not a taxicab and if it was subject to call from the garage only." One, who had been employed by the owner of the automobile, at his direction visited a customer and arranged to take him and a party for a ride to a near-by lake.  On the day agreed upon, while such driver, under an arrangement made by him with another person than the defendant's customer, was giving a ride to that person and his companions, he injured a member of the party, who recovered a judgment in an action against the owner of the automobile.  In a suit in equity by the person so injured against the owner of the automobile and the insurance company under G. L. c. 214, § 3, cl. 10, it was *held* that

(1) A finding was warranted that at the time of the accident the automobile was not being operated upon call from the garage;

(2) The circumstances of the accident were not such as to come within the terms of the policy of insurance;

(3) The insurer was not liable either to the owner of the automobile or to the plaintiff.

Bill in equity, filed in the Superior Court on January 12, 1922, under G. L. c. 214, § 3, cl. 10, against Meyer Bloomfield and The Travelers Insurance Company, seeking to require the insurance company to pay to the plaintiff a judgment for $2,672.80 procured by her against the defendant Bloomfield for injuries received as described in the opinion.

The answer of the defendant insurance company alleged that the policy in question was subject to the following indorsement: " All work incidental and necessary to the conduct of the assured's business of operating automobile garage, sales agency and service station, including the operation of any style, type or make of automobile for all purposes in such business and for pleasure, use and the renting or hiring, for the carrying of passengers, of automobiles of the private pleasure type subject to call from the garage only

but not the operation of taxicabs so-called, ambulances, hotel or other omnibuses, sight-seeing automobiles or jitney busses so-called and not the carrying of property for individuals, co-partnerships or corporations other than the assured excepting such transportation or delivery of goods or merchandise for prospective purchasers as is strictly incidental to the demonstration and sale of commercial automobiles."

In the Superior Court, the suit was heard by *Keating,* J. The judge found that the insurance company had issued to the defendant Bloomfield a policy of insurance " which insured him against loss or liability growing out of the operation of said Cadillac car if it was a pleasure car and not a taxicab, and if it was subject to call from the garage only." Other material facts are described in the opinion. By order of the judge a final decree was entered dismissing the bill. The plaintiff appealed.

*A. B. Rigney,* for the plaintiff.

*L. C. Doyle,* for The Travelers Insurance Company.

RUGG, C.J.    This is a suit in equity to enforce payment of a judgment for personal injuries, recovered by the plaintiff against the defendant Bloomfield through the latter's negligence in the operation of his automobile, from the defendant insurance company which had issued to Bloomfield a policy of accident insurance against losses arising from such injuries. The case was tried before a judge of the Superior Court who filed a statement of his findings of fact and entered a decree dismissing the bill. The plaintiff's appeal brings the case here.

No evidence being reported, the findings of fact must be accepted as final. The only question to be decided is whether the automobile was at the time the plaintiff received her injuries covered by the accident insurance policy issued to Bloomfield by the insurance company. That policy insured Bloomfield against loss or liability growing out of the operation of the automobile if it was a pleasure car and not a taxicab and if it was subject to call from the garage only.

The pertinent facts are that one Bowen drove this automobile for Bloomfield for pleasure parties, and when not so engaged used it as a taxicab for some time before the day

of the injury to the plaintiff. A few days before the injury one Louis talked with Bloomfield at his garage about hiring an automobile for a ride and asked for Bowen who was absent. A little later Bowen, by Bloomfield's direction, went to the shop of Louis and arranged to take the latter and his party for a ride on the following Sunday to a near-by lake. Pursuant to that arrangement Bowen on Sunday morning went to the house of Louis and while there was engaged by another person named Spencer (who was not a member of Louis's family or of the party for which Louis had arranged the ride), to take him and his companions for a ride after returning from the trip to the lake with Louis and his party. Bowen did so, and after giving Spencer and his companions a ride of considerable length left them also at the lake. Then he took Louis and his party home, returned to the lake for Spencer and his companions and was driving with them in the automobile when the injury to the plaintiff occurred. The automobile was not being operated as a jitney or as a taxicab on the day of the accident. The judge found that it was not being operated upon call from the garage.

The last fact follows as an irresistible consequence of the other facts. It is found also as an independent fact. The trip for Louis was not on call from the garage. The entire arrangement for that was made between Bowen and Louis at the latter's shop. The trip for Spencer and his companions was not made as a result of any call from the garage but by conference at or near Louis's house. It is plain that the terms of the policy issued by the insurance company did not protect Bloomfield at the time the plaintiff received her injury. The plaintiff must show that the accident was covered by the policy before she can prevail. We can only construe and apply the terms of the policy. It cannot be stretched to include an accident not within the fair meaning of the words of the insurance contract. It is plain that the plaintiff has failed to show that the policy insured Bloomfield at the time the accident occurred. *Lorando* v. *Gethro,* 228 Mass. 181. *Williams* v. *Nelson,* 228 Mass. 191.

*Decree affirmed.*