Rose B. Farber *vs.* Mutual Life Insurance Company of New York.

Worcester.    September 22, 1924. — November 24, 1924.

Present: Rugg, C.J., Crosby, Pierce, & Wait, JJ.

*Insurance,* Life, Accident.    *Passenger.    Contract,* Construction.    *Evidence,* Relevancy and materiality.

A policy of insurance against loss of life provided a double indemnity upon proof that the death of the assured " was caused directly by accident while travelling as a passenger on . . . a street car or other public conveyance operated by a common carrier, . . . " The assured received injuries which resulted in his death while riding on the rear fender of a street car. A rule of the street car company directed its employees to permit no passenger "to stand or ride elsewhere than in a safe place upon the car" and prohibited the "standing or riding of passengers upon buffer, dashers, fenders, roof or outside of the closed vestibule doors." At the trial of an action upon the policy, evidence was admitted, subject to exceptions by the defendant, tending to show that during a period of one year before the accident the assured and other persons had ridden on rear fenders of street cars on the line in question with knowledge of the conductors and inspectors of the company, and that the conductors had collected their fares while there. There was a verdict for the plaintiff. *Held,* that

(1) The evidence warranted a finding that, when injured, the assured was a passenger on the street car, and that question properly was submitted to the jury;

(2) The question, whether the assured was such passenger, was different in law from the issues of his due care and of the duty of the street car company to him;

(3) The construction of the policy of insurance was for the court;

(4) All reasonable doubts arising from the language of the policy should be resolved against the insurance company;

(5) The assured in the circumstances might be found to have been a passenger under the provisions of the policy, even if he be held to be precluded, on the ground that he assumed the risk or was lacking in due care, from recovering from the street railway company for injuries sustained;

(6) It was proper to admit evidence, limited to one year before the accident, tending to show a practice of people to ride on the fenders of cars of the street railway company on which the assured was riding at the time he met with fatal injuries, and to pay fares while there.

CONTRACT upon a policy of life insurance described in the opinion. Writ dated September 1, 1920.

The action was tried in the Superior Court before *O'Connell,* J. Material evidence is described in the opinion. A motion by the defendant for a verdict in its favor was denied. The defendant asked for the following rulings:

"1. The plaintiff is not entitled to recover upon the clause in the policy referring to death caused directly by accident while travelling as a passenger on a street car.

"2. The decedent, Louis Farber, was not travelling as a passenger upon a street car at the time he met with the injury resulting in his death.

"3. The death of Louis Farber was not caused directly by accident while he was travelling as a passenger upon a street car operated by a common carrier."

The rulings were refused. The judge "left it to the jury to find whether the death of the deceased was caused directly by accident while travelling as a passenger on a street car operated by a common carrier at the time he met with the injury resulting in his death, in a charge which was not excepted to."

There was a verdict for the plaintiff in the sum of $4,696.69. The defendant alleged exceptions.

*G. Hoague,* for the defendant.

*G. A. Drury,* (*F. A. Walker* with him,) for the plaintiff.

CROSBY, J.   This is an action upon an insurance policy under which the life of Louis Farber was insured in the sum of $2,000 payable, in case of his death before February 13, 1937, to his wife, the plaintiff.   The policy further provided that in consideration of the payment of an additional premium of $.20 the defendant would pay the sum of $2,000 in addition to the $2,000 provided for in the face of the policy, upon due proof that the death of the assured " was caused directly by accident while travelling as a passenger on a railway train, a steamship licensed for regular transportation of passengers, a street car or other public conveyance operated by a common carrier, . . . and if such death occurred within sixty days after such accident."

The assured received injuries resulting in death within sixty days after the accident, in Worcester, when he was struck by a street car that collided with the car on which he was riding on the rear fender.   The following rule of the street railway company, in force at the time of the accident, was admitted in evidence:

DUTIES OF MOTORMAN, CONDUCTOR·AND OTHER TRAINMEN, 380.

PASSENGERS RIDING ON PROHIBITED PARTS OF THE CAR.

" Permit no person to stand or ride elsewhere than in a safe place upon the car.   The standing or riding of passengers upon buffer, dashers, fenders, roof or outside of the closed vestibule doors is prohibited."

It is conceded that the plaintiff is entitled to recover the larger amount if the deceased was injured while travelling as a passenger on a street car within the meaning of the policy.

There was evidence that before the accident the deceased, and other persons, on several occasions had ridden on the rear fenders of street cars of the railway company and that while so riding the conductor had collected their fares; that at times the conductor had received fares through the open window at the rear of the cars from persons riding on the fender; that neither the conductor nor any other officer or employee of the company had ever objected, or forbidden persons to ride on the fender; that inspectors in the employ

of the company had observed persons so riding and made no objection thereto.

It is the contention of the plaintiff that the evidence warranted a finding that the rule above referred to had become a dead letter, that it had been waived and abandoned by the company, and that persons were impliedly invited to ride upon the fender. *McDonough* v. *Metropolitan Railroad,* 137 Mass. 210, 213. *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574, 579. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 98. *Walsh* v. *Boston Elevated Railway,* 222 Mass. 275.

The first question is, Was the assured a passenger of the street railway company while riding on the fender? As it could have been found that it was a common practice for persons so to ride, and to pay their fares to the conductor when so riding, the question was one of fact for the jury. *Walsh* v. *Boston Elevated Railway, supra.*

Whether the assured had been accepted as a passenger by the common carrier is different in law from the issue whether the passenger so riding could be found, under the circumstances, to be in the exercise of due care so as to enable him to recover against the carrier, or whether the carrier owed him the duty of due care. *Files* v. *Boston & Albany Railroad,* 149 Mass. 204. *Garcelon* v. *Commercial Travellers' Eastern Accident Association,* 195 Mass. 531. *Daley* v. *Boston, Revere Beach & Lynn Railroad,* 241 Mass. 78.

The construction of a contract in writing is for the court. *Creighton* v. *Elwell,* 243 Mass. 580. *Gould* v. *Converse,* 246 Mass. 185, 189. It is to be construed like other written contracts, in accordance with the sense and meaning of the words which the parties have used; and if clear and free from ambiguity the words are to be taken and understood in their natural, usual and ordinary sense. The contract cannot be construed as meaning something different from what the parties intended as expressed by the language they saw fit to employ. *Mathews* v. *Bloomfield,* 246 Mass. 510, 512. *Van Bokkelen* v. *Travelers' Ins. Co. of Hartford,* 167 N. Y. 590. *Imperial Fire Ins. Co.* v. *Coos County,* 151 U. S. 452, 463.

If, as the jury could have found, the assured was a pas-

senger, the second question is, Was he travelling "on . . . a street car" within the meaning of the policy?

It is common knowledge that a policy of insurance is invariably drawn by the insurer, except as the form is prescribed by statute, and is to be construed most strongly against the company. It may be presumed to express the intention of the parties respecting its terms, and reasonable doubts arising from the language of the policy should be resolved against the company. A person riding on a running board of a street car with the knowledge and assent of the carrier may be found to be a passenger, and it may also be found that he did not assume the risk of so riding and that he was in the exercise of due care. *Walsh* v. *Boston Elevated Railway, supra,* and cases cited. We see no reason why a person riding upon the fender of a car under similar circumstances may not be found to be a passenger, even if he be held to be precluded from recovering for injuries sustained on the ground that he assumed the risk or was lacking in due care. The assured by riding on the fender was on the car, even if he was not on it in a place where passengers ordinarily travel on street cars.

If the parties had intended that the double indemnity should be paid only when the death was caused by accident while the assured was a traveller within the body of the car, or while travelling as persons commonly and ordinarily travel in cars and in a place usually provided for such persons, and under reasonable conditions of safety, it would not have been difficult to have inserted words to that effect in the policy. We are of opinion that the words used indicate a purpose to pay the double indemnity whenever the death is caused while the assured is "travelling as a passenger on . . . a street car," whatever may be the circumstances and however unusual they may be. The defendant is presumed to have agreed to pay the indemnity if and when, other conditions being present, the assured was accepted, treated and entitled to protection as a passenger on a common carrier, without further specification.

The exception to the admission of evidence tending to show a practice of people riding on the fender of cars of the

street railway company on which the assured was riding at the time he met with fatal injuries, and subsequently paying fares, cannot be sustained.   The evidence was limited to a period of one year before the accident.   This evidence was admissible to show that the rule of the railway company, admitted in evidence, which provided, among other things, that the riding of passengers on fenders was prohibited, had been abandoned.   *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574, 579.   *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 98.   *Von Ette's Case,* 223 Mass. 56, 60.   The cases relied on by the defendant to show that this evidence was improperly admitted are distinguishable in their facts from those in the case at bar.

As we are unable to perceive any error in the conduct of the trial, the entry must be

*Exceptions overruled.*