LUCY MUCCI *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     November 14, 1927.— January 14, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway, Contributory.

On the evidence at the trial of an action of tort against an elevated railway company for personal injuries received by a passenger who, following other passengers and passing from a car at a station, was caught between the door and the jamb when the door suddenly closed, the questions, whether the plaintiff was guilty of contributory negligence and whether the defendant's employees were negligent, were for the jury.

TORT for personal injuries. Writ dated May 11, 1925.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. Goldkrand,* for the plaintiff.
*S. P. Sears,* for the defendant.

BRALEY, J.   This is an action of tort for personal injuries, and, a verdict having been ordered for the defendant, the case is before us on the plaintiff's exceptions.   The jury would have been warranted in finding on the evidence the following facts.   The plaintiff was a passenger on an elevated train of the defendant and, as the train came into the Battery Street Station, the plaintiff's point of destination, it stopped and the conductor opened the door of the car to allow the exit of passengers, some of whom preceded her. The plaintiff, seeing the door opened, arose from her seat and was passing out when the door was suddenly closed and she was caught and held between the closing door and the jamb into which it ran.   The train started a few feet and then stopped; the plaintiff was released and fell to the platform of the station.

The defendant was bound to exercise the degree of care commensurate with its undertaking as a common carrier of passengers for hire, which included the duty of affording the plaintiff a reasonable opportunity of alighting in safety at its station.   *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507.   The plaintiff had the right to assume that the door would not be closed nor the car started until she had passed through the doorway in the usual manner, and the questions, whether under the circumstances the defendant's servants were negligent in closing the door and starting the train and whether the plaintiff used ordinary care in leaving her seat and while passing through the doorway were for the jury.   *LeBaron* v. *Old Colony Street Railway*, 197 Mass. 289, 291.   *Rand* v. *Boston Elevated Railway*, 198 Mass. 569.

*Exceptions sustained.*