GERTRUDE RANDALL *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.   December 8, 1933. — January 15, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Contributory, Of passenger, Proximate cause.

A passenger on a railroad train who, before the train had come to a stop at a station, opened the door of a car in which he had been seated and went out upon the platform and down to its lowest step, as a matter of law was guilty of contributory negligence barring him from recovery from the railroad corporation for any accident which

in its general nature was reasonably to have been anticipated from his being on that step, even though the precise form of the accident could not have been foreseen, and therefore he could not recover for an injury sustained when, as he was holding a grab-iron, the train came to a complete but momentary stop and then, as he put one foot out to step off, but before he had reached the ground, started with such a jerk that he was thrown to the ground; the momentary stop did not break the causal connection between his negligence and his injury.

Where the testimony of the plaintiff at the trial of the action against the railroad corporation above described showed the facts above stated, such facts were not explained, so as to aid the plaintiff and require the question of contributory negligence to be submitted to the jury, by testimony of the engineer of the train to the effect that the train did not make such a stop.

TORT. Writ dated June 1, 1929.

In the Superior Court, the action was tried before *Goldberg,* J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. A. Gold,* for the plaintiff.

*L. Wheeler, Jr.,* for the defendant.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff, when a passenger on one of the defendant's trains, as a result of the alleged negligence of the defendant. A verdict for the defendant was directed and the plaintiff excepted.

Even if, as we do not decide, the evidence warranted a finding that the defendant was negligent, the verdict was directed rightly since the evidence required a finding that the plaintiff's negligence contributed to the accident.

The plaintiff is bound by her own testimony except as she is entitled to the benefit of any more favorable explanation of the accident presented by the evidence. *Sooserian v. Clark,* 287 Mass. 65, 67.

According to the plaintiff's testimony, as the train slowed down when nearing a usual stopping place, she opened the forward door of the car in which she had been seated, "went out on the platform and started down the steps of the car and was on the bottom step holding onto the grab-iron with her left hand when the train came to a complete stop." She stated that it "stopped for a fraction

of a second or so and I put my right foot out to step off, and before I got down on the ground, the train lurched forward and went a distance of about two hundred fifty feet — in fact, the whole train passed me." The "train started with a jolt and jerk right ahead and with such force that it broke the plaintiff's grip and threw her." In answer to an interrogatory the plaintiff stated, "The train did not come to an ordinary stop," and she testified that she meant by this that an ordinary stop is long enough to let several passengers alight, and that "the train just stopped for a fraction of a second; I don't think it even stopped for a fraction of a second, just long enough for the wheels to stop rolling and I went to get off and it started again — not long enough for me to get one foot off." The plaintiff testified that she heard no announcement of this station, had heard none of other stations when she was riding on this train, and that she saw no conductor or other employee as she was leaving the train. The gates of the platform were open.

The plaintiff's account of the accident was corroborated in general by the testimony of a woman accompanying her who gave some further testimony bearing upon the unusual character of the jerk with which the train started. But in no other respect was the evidence more favorable to the plaintiff unless the testimony of the engineer of the train that the shortest time in which a brake could be released was twenty-three seconds and the shortest time in which he could stop and start a train was between fifteen and twenty seconds can be so regarded. But he also testified, as did other witnesses, that the train did not make a stop such as the plaintiff described. And there was no testimony that it made a longer stop.

The plaintiff, as matter of law, was negligent in "voluntarily, and without reasonable cause of necessity or propriety," placing herself in an exposed position on the bottom step before the train came to a full stop. And she could not recover for injuries resulting to her when in that position from a sudden jerk of the train before it came to a full stop. *Hickey* v. *Boston & Lowell Railroad,* 14 Allen,

429, 431. *Fletcher* v. *Boston & Maine Railroad*, 187 Mass. 463. *Locke* v. *Director General of Railroads*, 241 Mass. 284.

The plaintiff, however, contends that her injuries resulted from the starting of the train after it had come to a full stop. But on her testimony and that of her companion, the stop, though a "complete stop," was momentary and did not continue for a sufficient length of time to permit her to pass from a place of safety within the car (see *Worthen* v. *Grand Trunk Railway*, 125 Mass. 99; *Young* v. *Boston & Northern Street Railway*, 213 Mass. 267, 270) to her exposed position on the bottom step. The plaintiff's negligence consisted in her leaving such place of safety when she knew that the train was in motion. *Locke* v. *Director General of Railroads*, 241 Mass. 284. Compare *Floytrup* v. *Boston & Maine Railroad*, 163 Mass. 152, 155. But for such negligence the accident would not have happened and but for the momentary stop such negligence clearly would have been a contributing cause of the accident. The momentary stop, however, did not break the causal connection between the plaintiff's negligence and the accident. As described by the plaintiff this stop was incidental to slowing down the train preparatory to stopping it to permit passengers to alight. It was not an invitation to her to leave her place of safety within the car. She had already left that place when the stop occurred. And her presence on the bottom step was not merely a condition of the accident. By negligently taking her position there she was barred from recovery for any accident which in its general nature was reasonably to have been anticipated from her being on that step, even though the precise form of the accident could not have been foreseen. *Fletcher* v. *Boston & Maine Railroad*, 187 Mass. 463, 464. *Perlman* v. *Burrows*, 270 Mass. 182. See *Falk* v. *Finkelman*, 268 Mass. 524, 527; *Wall* v. *King*, 280 Mass. 577, 581. The jury could not have found on the plaintiff's testimony that the accident was different in its general nature from an accident to a person on a bottom step resulting from the jerk of a train. And a jerk of the train, even if unusual, was within the field of reasonable antici-

pation. *Locke* v. *Director General of Railroads,* 241 Mass. 284. See also *Weinschenk* v. *New York, New Haven & Hartford Railroad,* 190 Mass. 250. *Black* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 448, 450–451, differs in this respect. See also *Pierce* v. *Cunard Steamship Co.* 153 Mass. 87. The cases from other jurisdictions relied on by the plaintiff differ in their facts from the case at bar or apply different principles of law from those established by our decisions. So far as, in any degree, they are not distinguishable we are not inclined to follow them.

The plaintiff is not aided by the testimony of the engineer of the train. His testimony contradicted the testimony of the plaintiff and her companion that the train made a momentary stop. But his purely negative testimony to the effect that the train could not have made such a stop cannot be combined with the testimony of the plaintiff and her companion to furnish a more favorable explanation of the accident than that given by the plaintiff and her companion, in accordance with the principle of *Hill* v. *West End Street Railway,* 158 Mass. 458. See also *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163.

*Exceptions overruled.*