JOHN ALFRED HARRISON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 3, 1943. — June 6, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Negligence*, Bus, Contributory.

Evidence of the circumstances in which a passenger on a motor bus, while standing on a small platform by a closed door of the bus waiting to leave it at his destination, was injured when the operator opened the door, which was composed of sections folding inward over a portion of the platform when opened, and the door "came in over" the passenger's toe, warranted a finding of negligence of the operator toward the passenger in failing to ascertain his position and to warn him of the operation of the door, and did not require a ruling that the passenger was guilty of contributory negligence.

TORT.  Writ in the Municipal Court of the City of Boston dated November 12, 1940.

Upon removal to the Superior Court, the action was tried before *Beaudreau*, J.  A verdict for the plaintiff was recorded subject to leave reserved.  The judge denied a motion by the defendant for the entry of a verdict in its favor. The defendant alleged exceptions.

*S. C. Rand,* (*F. R. Johnson* with him,) for the defendant.
*H. C. Thompson,* for the plaintiff.

RONAN, J. The plaintiff and his wife were passengers on one of the defendant's buses in the early afternoon of a day in the summer of 1937 on a trip to the Back Bay district in Boston. The bus had two doors, one on either side near the front a short distance back from where the operator sat. To leave the bus by the right hand door one would walk down the aisle until he got opposite the door, step down upon a platform which was on a level with the bottom of the door, proceed through the door and step down upon the street. This platform was twenty-one inches in length and was thirty inches wide, which was the width of the door. There were really two doors which met in the middle of the entrance. Each door was composed of two sections, which folded inward over the outer portion of the platform as the doors were opened by a lever manipulated by the operator. There was a clearance of one fourth to three eighths of an inch between the platform and the bottom of the doors.

The plaintiff signalled the operator to stop as the bus approached his destination. He walked toward the front of the bus and stepped down upon the platform where he waited for the doors to open. The doors swung inward half way when one of them, according to the plaintiff's testimony, "came in over my toe and caught my toe and jammed it." The operator then gave the door an extra pull as it rested against the plaintiff's toe. The plaintiff uttered an exclamation and the operator closed the doors. The plaintiff's toe was injured. We have now mentioned some of the material facts which could be found upon the testimony. The jury returned a verdict for the plaintiff.

The defendant, a common carrier of passengers, owed to the passengers a duty of exercising reasonable care for their safety which, in view of the fact that the carrier has control of the passengers and a breach of duty might result in serious injury, has been said to be the highest degree of care consistent with the practical performance of all its duties in accordance with the demands of the public for rapid, inex-

pensive and safe transportation. *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497. *Holton* v. *Boston Elevated Railway*, 303 Mass. 242. *Carson* v. *Boston Elevated Railway*, 309 Mass. 32.

The platform was intended for the use of passengers. Indeed, it was the only means which a passenger could use in reaching the right hand door of the bus. It could be found that there was nothing about the appearance of the platform to indicate that it was dangerous for one to stand there while the bus was coming to a stop in response to his signal to the operator, unless he knew or ought to know that the doors would swing inward and might injure him. The jury, however, could find that the doors as they remained closed, as they did while the bus was coming to a stop, did not indicate that they swung inward in opening. A finding was warranted that it was not unusual or unnatural for a passenger who was ignorant of the method by which the doors opened to stand on the platform, preparatory to leaving the bus. Indeed, an operator of one of the defendant's buses on the route upon which the plaintiff travelled testified that no accident occurred on his bus on the day the plaintiff was injured, and that he always warned passengers who were on the platform to step back from the doors before he opened them. The plaintiff thought that this operator was the one who was in charge of the bus upon which he was injured. A second operator on this route testified that he requested passengers to "step up from the door" "when he goes to use the door." The jury could find that an operator who had received a signal to stop might reasonably anticipate that the passenger might stand on the platform; that he could have easily ascertained the whereabouts of the passenger; and that if he found the passenger was on the platform it was negligence to attempt to open the doors without warning him to move away from the doors. *Carroll* v. *Boston & Northern Street Railway*, 186 Mass. 97. *McGarry* v. *Boston Elevated Railway*, 195 Mass. 538. *McGlinchy* v. *Boston Elevated Railway*, 206 Mass. 7. *Craft* v. *Boston Elevated Railway*, 211 Mass. 374. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262. *Flaherty* v. *Boston Elevated Railway*, 247 Mass.

44. *Mucci* v. *Boston Elevated Railway*, 262 Mass. 308. *Fitzgerald* v. *Boston Elevated Railway*, 274 Mass. 287.

The case is distinguishable from those upon which the defendant relies and in which it was held that it was not negligence for an employee to open or close the doors when he did not know or have any reason to know that some part of the passenger's body might be caught by the movement of the doors.

The defendant contends that the injury was caused by the negligence of the plaintiff in standing upon the platform. It could be found that he was standing in a place apparently adapted for the use of passengers and that while on his way to the door he had reached the platform only a moment before the bus came to a full stop. The plaintiff could rely to some extent upon the assumption that the bus and the doors would be operated in a proper manner for the safe transportation of the passengers and that he would be reasonably warned if any danger from the doors attended his presence upon the platform. *Mason* v. *Boston & Northern Street Railway*, 190 Mass. 255. *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507. *Rand* v. *Boston Elevated Railway*, 198 Mass. 569. *Vine* v. *Berkshire Street Railway*, 212 Mass. 580. While his testimony in regard to his care is not entirely consistent, a ruling was not required that the defendant had sustained the burden of proving that the negligence of the plaintiff helped to bring about his injury. *Aleck* v. *Union Railway*, 134 Mass. 480. *Bethmann* v. *Old Colony Railroad*, 155 Mass. 352. *Gilman* v. *Boston & Maine Railroad*, 168 Mass. 454. *Foster* v. *Old Colony Street Railway*, 182 Mass. 378. *Oliver* v. *New York Central Railroad*, 273 Mass. 216. Compare *Daley* v. *Boston, Revere Beach & Lynn Railroad*, 241 Mass. 78; *Randall* v. *Boston, Revere Beach & Lynn Railroad*, 289 Mass. 241.

It follows from what has been said that there was no error in refusing to enter a verdict for the defendant under leave reserved. The eleventh request, to the effect that there was no evidence of any danger incidental to the operation of the bus which required the giving of a warning to the plaintiff, and the sixteenth request, in substance that the construc-

tion of the bus of which the plaintiff complains was so obvious as to eliminate any duty to give him a warning, were properly denied.   There was no error in the denial of the twelfth request which called for an instruction that there was no evidence that the defendant failed to exercise the care required of it for the plaintiff's safety.   Moreover, the issue embodied in this request could be raised only by motion. Rule 71 of the Superior Court (1932).   *Schusterman* v. *Rosen*, 280 Mass. 582, 588.   *Donahue* v. *Dal, Inc.* 314 Mass. 460, 464.

The defendant took two exceptions to the charge.   The first is covered by what has already been said.   The second exception to the charge related to the obligation of the operator to give a warning to the plaintiff if the operator knew of "some obstacle" that might cause harm to the plaintiff. The only ground of this exception that was stated at the time it was taken was that the "dangers that existed were perfectly obvious."   There was evidence permitting recovery on the ground of lack of warning, and the dangers were not obvious as matter of law.   The case was not submitted to the jury on the ground of defect, as the defendant contends, although for all that appears it could properly have been. The charge was, if anything, too favorable to the defendant.

*Exceptions overruled.*