Ripps, J.
This appeal, pursuant to Dist/Mun. Cts. R A D. A, Rule 8C, concerns the sufficiency of the evidence to support a judgment for the plaintiff and whether the damages awarded were excessive.
After remand, this matter was tried in the Worcester Central District Court The judge could have found the following: On January 7,1994, the plaintiff, Bianca M. Casillo, then 53, was on the defendant’s bus en route to the Visiting Nurse Association office where she was employed as a home care aide. As she was exiting through the rear side doors, they closed on her shoulders, causing her to jump from the bus and scramble up a snow bank to get out of the road.
She went to her employer and complained of pain in her neck, right shoulder and arm. She treated with various medical providers through June 2, 1995. Her symptoms, which included right neck/shoulder/arm pain, swelling, loss of strength, numbness, dead arm sensation, spasm, stiffness and tingling, were diagnosed as right upper cervicobrachial syndrome which was related to the door closing. Her treatment was ongoing and she was referred to a neurologist for further treatment from January 1996 through the date of trial, and was diagnosed with cer-vicobrachial syndrome and reactive depression due to the slow recovery. As of June, 1998, she continued to have spasms in the right shoulder. The plaintiffs physician opined that she was likely to have related ongoing pain requiring treatment An I.M.E. physician diagnosed a causally-related aggravation of pre-existing arthritis in the neck and acromioclavicular region that may require surgery with a poor prognosis. Under either diagnosis, she would require further medical treatment Her medical bills totaled $6,334.
The defendant produced evidence that the bus doors could not close with enough force to so seriously injure the plaintiff.
After trial, the judge filed a Finding in which he found the defendant to be 100% liable. He found that the plaintiff suffered a traumatic injury; that she had reasonable past medical expenses and would have future medical expenses and lost earning capacity. He entered a judgment, without specifying amounts for any category of damages, in the amount of $192,841.75. He also answered Requests for Rulings.
The defendants Request for Ruling #18 states: “The evidence does not warrant a finding for the plaintiff and therefore a finding for the defendant is required.” The judge denied this “warrant” request and from the denial, the defendant *114 appeals the sufficiency of the evidence. The defendant contends that the evidence was not sufficient to warrant a finding for the plaintiff that the injuries were causally related to the bus door; nor was there sufficient evidence to warrant a finding that the plaintiffs earning capacity was impaired; and that the judgment was excessive.
Liability, Injury, Proximate Cause
A common carrier owes a passenger the duty to exercise reasonable care for their safety which, in view of the fact that the carrier has control of the passengers and a breach of duty might result in serious injury, has been said to be the highest degree of care consistent with the practical performance of all its duties in accordance with the demands of the public for rapid, inexpensive and safe transportation. Harrison v. Boston Elevated Ry. Co., 316 Mass. 463, 464-465 (1944). Such a high duty of care includes not closing the door upon an alighting passenger. McGarry v. Boston Elev. Ry., 195 Mass. 538, 540 (1907).
We have reviewed the record and there is sufficient evidence for the judge to find that the plaintiff was injured as a result of the door closing on her causing her to jump from the bus. Numerous medical providers chronicled her medical treatment and diagnoses and causally related her injuries to the bus incident Therefore, there was ample evidence to support findings for the plaintiff on liability, injury and proximate cause. The judge was not clearly wrong.
Permanent Reduction of Earning Capacity
The defendant next contends that there was insufficient evidence that the plaintiffs earning capacity was permanently impaired.
The plaintiff in a personal injury case generally is entitled to recover for reasonable expenses incurred for past and future medical care and nursing; diminution of earning power; past, present and probable future pain and suffering, Cuddy v. L & M Equip. Co., 352 Mass. 458 (1967), Rodgers v. Boynton, 315 Mass. 279, 280 (1943), as well as for mental suffering such as apprehensions and fears. Choicener v. Walters Amusement Agency, 269 Mass. 341, 343 (1929). The record clearly supports an assessment of damages for past and future medical expenses; and past, present, and future pain and suffering.
The record is less clear as to impairment of earning capacity. The plaintiff testified at trial that she was still not being able to fully regain the use of the injured part of her body, nor could she do exactly what she used to do. (A 60). She testified that before the injury she had worked up to 40 hours per week earning up to $400 per week, but after returning to work she did not work more than 30 hours per week. However, she testified that the reduction in hours was due to her employer being less busy. (A 39, 80). There was no testimony, as the plaintiff intimates, that her hours were permanently reduced due to her physical limitations. The plaintiff and her husband also testified in combination, that she could not completely perform all her household chores such as cleaning, cooking, laundry and grocery shopping, nor could she enjoy gardening as she had done before the injury. The judge wrote in his finding, “The injury has permanently reduced her earning capacity.” The defendant asserts that there was not adequate evidence in the record to support this conclusion.
The defendant made no request for a ruling dealing specifically with impairment of earning capacity. His request for ruling #18: “The evidence does not warrant a finding for the plaintiff and therefore a finding for the defendant is required,” was a request for a general finding as to the sufficiency of the evidence.
District Court judges are not required to find the facts specially and state separately conclusions of law pursuant to 52(a), but may do so under 52(c). “[A]s we read the trial judge’s Memorandum, neither in title, form nor comprehensiveness does it begin to meet the standards of Rule 52(a) or 52(c) that the judge ‘find the *115 facts specially and state separately [his or her] conclusions of law thereon Rather, we view that Memorandum as simply the trial judge’s effort to outline some of his views on the evidence and the law, precisely the kind of message of the trial judge’s views to the parties and counsel that is ... a desirable practice.” Stigum v. Skloff, 2000 Mass. App. Div. 63, 67. Judges should, however, “specifically state whether they are or are not making findings of fact under rule 52 (c).” Stigum v. Skloff, 433 Mass. 1101 (2001).
Where there are no requests for rulings filed by the defendant pursuant to M. R. C. E, Rule 64A, a mere objection to, or charge of error in, the trial courts general finding for the plaintiff presents no question for appellate review. Ducker v. Ducker, 1997 Mass. App. Div. 147, McDonough v. Ferrari Pool N’ Patio, 2000 Mass. App. Div. 100, 101. But, where the trial judge elects to make written findings of fact, “a narrow window of appellate opportunity is created for the party who has failed to preserve his right to appellate review. Consideration may be given on appeal to the question of whether the trial court’s findings of fact are so devoid of support that they are ‘clearly erroneous.’” Fillion v. Cardinal, 2000 Mass. App. Div. 284, 286, quoting Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. In undertaking such a review, an appellate court accords the findihgs considerable deference “because of the trial judge’s superior position to assess the weight, and particularly the credibility, of oral testimony.” Id., quoting Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. “If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” Id., quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993). A trial court’s findings will not be disturbed unless “on the entire evidence,” the appellate court is “left with the firm conviction that a mistake has been committed.” Id., quoting G.E.B. v. S.R.W., 422 Mass. 158, 172 (1996).
Our courts have acknowledged that the value of a plaintiffs capacity to earn is not ordinarily capable of exact mathematical calculation. Mitchell v. Walton Lunch Company, 305 Mass. 76, 78 (1939). Lost wages are admissible on the issue, but not an element of damages. Id. A plaintiff is entitled to recover not only for impairment of earning capacity in the past, but also for any expected impairment likely to he suffered in the future. Griffin v. General Motors Corp., 380 Mass. 362, 366 (1980). A homemaker is entitled to have considered, in assessment of their damages, their inability, due to injury, to perform household duties. Rodgers v. Boynton, supra, at 280-281. As a result, the judge could have assessed loss of earning capacity damages for Ms. Casillo’s inability to perform household chores as well as for her physical limitations. As a result, we are unable to conclude that the judge was clearly erroneous.
Excessive Judgment
“Questions concerning inadequate or excessive damages are initially within the discretion of the trial judge and should ordinarily be raised by bringing a motion for a new trial... [Where there is a failure to do so, we] are... not required to consider this issue on this appeal.” Shafir v. Steele, 431 Mass. 365, 371 (2000), quoting Pridgen v. Boston Hous. Auth., 364 Mass. 696 (1974), citing Parker v. Lewis J. Bird Co., 221 Mass. 422, 426 (1915). An excessive award of damages is grounds for a new trial. Under rule 59(a),[1] a new trial is not to he granted until the prevailing party is first given the opportunity to consent to remittitur. Commonwealth v. Johnson Insulation, 425 Mass. 650, 667-668 (1997). No motion for remittur or for a *116 new trial was filed. Since the proper procedure was not followed, we could consider the issue waived.
A judgment is excessive when the “damages awarded were greatly disproportionate to the injury proven or represented a miscarriage of justice.” Mirageas v. Massachusetts Bay Transp. Authy., 391 Mass. 815, 822 (1984). The field of discretion of the trial judge in these matters is very broad. Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law. Powers v. H.B. Smith Co., Inc., 42 Mass. App. Ct. 657, 665 (1997). The judge assessed the credibility of the plaintiff who complained of a painful and debilitating injury that affects and will continue to affect her quality of life. The defendant has not shown that the judge abused his discretion.
For the foregoing reasons, the judgment is affirmed and the appeal is dismissed.

 ... A new trial shall not be granted solely on the ground that the damages are excessive until the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive. M. R. C. P, Rule 59 (a).