Rutberg, J.
William Panagiotes slipped on a moist floor at a Demoulas grocery store injuring his left hip and elbow. The trial judge awarded Mr. Panagiotes $9,185, of which he attributed $3,000 for pain and suffering and the remainder to medical expenses. Mr. Panagiotes now appeals claiming that the amount of the damages awarded to him was so small that the award constituted an error of law. For reasons set forth below, we need not determine whether the award of damages made by the trial judge was appropriate; however, we disagree with this contention.
*119 Procedural Issues
This appeal has been prosecuted pursuant to Dist./Mun Cts. R. A. D. A., Rule 8C; however, MRCP, Rule 64A requires that a request for ruling of law be made to preserve a party’s right to appeal. Casillo v. Worcester Area Transportation Co., Inc., 2001 Mass. App. Div. 113. While the trial court docket shows that Mr. Pana-giotes filed proposed Rulings of Law, these proposed rulings were not included in the record of appeal that Mr. Panagiotes filed. The trial court’s rulings on these requests are properly appealable; however, Mr. Panagiotes’ brief does not appear to contest any such ruling. Dist./Mun. Cts. R. A. D. A., Rule 18(a)(4). Mr. Pana-giotes did file a motion for a new trial that claimed the “judgment is so erroneous that as a matter of law it ought not to stand.”) The motion for a new trial was denied; therefore, only the denial of that motion is properly before us. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4).
Motion for a New Trial
Mr. Panagiotes’ motion for a new trial was filed eight days after the judgment was mailed to the parties. The motion was heard about three weeks after it was filed and it was decided on the day of the hearing. The trial judge denied the motion because Mr. Panagiotes neglected to request an additur. MRCP, Rule 59 provides that: “A new trial shall not be granted solely on the ground that the damages are inadequate until the defendant has first been given an opportunity to accept an addition to the verdict....” See also Casillo v. Worcester Area Transportation Co., Inc., supra. While Mr. Panagiotes’ motion for a new trial set forth four separate grounds for his request, the grounds set forth appear to simply restate the same request. This appearance is confirmed by Mr. Panagiotes’ affidavit submitted in support of his motion which addresses no facts other than those which contest the adequacy of the award.
Notwithstanding the trial judge’s reliance on the quoted portion of Rule 59, he went on to note that even if Mr. Panagiotes had requested an additur, “This Court would have been disinclined to amend its judgment....” Absent an abuse of discretion, an appellate court will not reverse the denial of the trial court’s refusal to grant a new trial. Statkus v. Metropolitan Transit Authority, 335 Mass. 172 (1956). “Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law.” Bartley v. Phillips, 317 Mass. 35, 44 (1944), citing Bresnahan v. Proman, 312 Mass. 97, 101-102 (1942).
The trial judge did not abuse his discretion in determining damages. From the record, it is clear that there was contrary evidence regarding the nature and extent of Mr. Panagiotes’ damages. It is within the province of finder of fact to believe as much of any witness’ testimony, or as little of any witness’ testimony, as that fact finder sees fit. The award of damages is consistent with a finding that Mr. Panagiotes’ elbow injury resolved itself within weeks of his fall, while that portion of his hip injury that was causally related to the fall had been substantially resolved within three months of the incident. The failure of the trial judge to find that Mr. Panagiotes’ other claimed injuries were causally related to his fall is well within his sound discretion. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501 (1997), citing T.L. Edwards, Inc. v. Fields, 371 Mass. 895 (1976) and Bowers v. Hathaway, 337 Mass. 88 (1958).
The denial of Mr. Panagiotes’ motion for a new trial is affirmed.