Curtin, J.
Plaintiff Angel Brito (“Brito”) has appealed the damages awarded to him after the entry of a default judgment against defendant Loft and Ladle Restaurant (“Loft and Ladle”).
*116 The facts are not disputed. While Brito was at the Loft and Ladle, he was pelted with beer bottles. He was taken by ambulance to the hospital and received stitches for the lacerations he sustained. The hospital bill for Brito’s treatment was $168.19. The lacerations resulted in permanent scars. Specifically, Brito has a four-inch scar on his chest and three scars of varying lengths and widths on his neck, the largest of which measures two and one-half inches long and one-half inch wide. The trial court viewed Brito’s scars at the assessment hearing. There was also evidence that Brito was 26 years old at the time he was injured, and has a life expectancy of 68 years. After a second assessment hearing, the trial court awarded Brito $3,168.79, plus prejudgment interest. After hearing, the trial court denied Brito’s subsequent motion for an additur. Alleging that the court erred as a matter of law in assessing such a small amount of damages for his serious scarring, Brito filed this appeal.
The existence and amount of damages are questions of fact for the trial judge. Mutual Oil Co. v. A.A. Sunoco, Inc., 1999 Mass. App. Div. 176, 177. An appellate court will not set aside a judge’s findings of fact unless they are “clearly erroneous.” Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509 (1997). “A finding is ‘clearly erroneous’ only when, ‘although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’” Id., and cases cited. In applying the clearly erroneous standard, the reviewing court will give due regard to the opportunity of the trial judge to assess the credibility of the evidence, and will not reverse the trial judge’s findings where they are supported on any reasonable view of the evidence. Id. at 509-510.
Brito has failed to sustain his burden of establishing that the trial court’s finding of damages was clearly erroneous. Brito’s counsel showed the trial judge photos of the scars and, as noted, the judge viewed the scars at the assessment hearing. Given the location of the scars on Brito’s chest and neck and a hospital bill of only $189.00 for his treatment, we cannot say the judge erred in assessing the damages in this case. While other judges may well have awarded more for the injuries in question, a trial judge’s discretion in assessing damages is very broad. See Panagiotes v. Demoulas Market Basket, Inc., 2004 Mass. App. Div. 118, 119; Casino v. Worcester Area Transportation Co., 2001 Mass. App. Div. 113, 116.
Brito also argues that the trial judge commented at the hearing that Brito was not entitled to an award for some of his scars. Brito has not provided this Appellate Division with a transcript of the hearing. However, assuming arguendo that his statements are an accurate and reliable record of the judge’s remarks, there is nothing in those extemporaneous comments which amounted to an error of law or which provide any basis for vacating the judge’s findings.
Statements and observations made from the bench prior to the formal issuance of factual findings do not represent binding determinations of the court. The fact-finding process itself necessarily entails shifting and evolving judicial impressions and assessments. A trial judge remains free to adopt, revise or abandon the same until entry of judgment despite any verbal expression of interim opinions or mid-trial colloquy with counsel or witnesses.
Sundex, Ltd. v. Antifonario, 1997 Mass. App. Div. 187, 188, quoting Stamos v. Jacobsen, 1987 Mass. App. Div. 185, 185-186.
Appeal dismissed.
So ordered.