Williams, PJ.
The plaintiff, John M. Perone (“Perone”), the guardian of the property of Elly M. Place (“Place”), seeks reversal of a jury-waived summary process finding in favor of the defendants, whom he sought to evict from Place’s Mashpee condominium. We find no error on the record provided us in this Dist/Mun. Cts. R. A. D. A., Rule 8B, appeal, and so affirm the trial court’s judgment.
Perone was appointed guardian of the properly of Place, who lives in Rye, New York, by the New York Supreme Court (Westchester County) in August, 2008. Place has not been declared incompetent. Perone’s appointment was ratified in Massachusetts by the Barnstable Probate and Family Court in May, 2009.[3] Four months before that Massachusetts ratification, Perone served in Mashpee a 90-day notice to quit on the three defendants who have been living in Place’s condominium unit for seven years. Those three are Place’s son, Jonathan M. Place, her grandson, David M. Place, and their friend, Jeffrey Amadei. No lease has governed that arrangement. The three pay utilities and maintenance expenses for the unit, and Place’s estate pays all other “carrying charges.”
The defendants did not vacate the condominium unit in response to Perone’s notice. In July, 2009, Perone commenced this summary process action against them. At trial, Place, who was found competent to testify, did so to the effect that she wished her son, grandson, and friend to remain in her condominium as they had been doing. The trial judge found in favor of the three. The record before us does *108 not include findings or rulings by the trial judge, if any were made, or a transcript of the trial. The Rule 8B “Agreed Statement’ of the parties merely indicates, without amplification, that the trial judge had “suggested” that no landlord-tenant relationship existed. But see Brito v. Loft & Ladle Restaurant, 2006 Mass. App. Div. 115, 116.[4] Whether the trial judge was presented with, or addressed, any aspect of the issue that Perone now presses cannot be discerned.
Perone contends that the issue on this appeal is whether a conservator’s authority over a competent person’s property supersedes that person’s wishes as to the “disposition” of that property. Stated differently, the issue is whether a conservator such as Perone may substitute his judgment in a property matter for the judgment of a competent person such as Place. Perone now, and possibly at trial, argues that he intended to sell, or rent, Place’s condominium unit in order to produce income for her benefit. While relying generally on statutes, including G.L.c. 190B, §5-423 (c) (26), that set out the powers of conservators, Perone’s argument is one of policy: that he should not be impeded in performing his duties as conservator by elevating Place’s “financially irresponsible” wishes over his fiduciary responsibilities.
As noted, however, the problem is that the sparse Rule 8B record before us does not supply an adequate foundation for the review of any such substantive issue. We cannot tell whether, or how, the issue as now framed by Perone was presented at trial, or preserved for appellate review. Most critically, the record provides no basis on which we could decide that the trial judge’s general finding was erroneous, and no authority has been advanced to suggest the judge erred and should have as a matter of law found for Perone. “Based on a review of the entire evidence as presented in the parties’ Rule 8B statement, we are not ‘left with the definite and firm conviction that a mistake’ was made....” Davis v. Davis, 2007 Mass. App. Div. 123, 125, quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
Judgment affirmed.
So ordered.

 Some sections of An Act Relative to the Uniform Probate Code, which implemented the Massachusetts Uniform Probate Code, Articles 1 through 7, G.L.c. 190B, became effective July 1,2009, while other parts will not become effective until July 1, 2011. St. 2008, c. 521, §9. The ratification in Massachusetts in May, 2009 of Perone’s New York appointment predated any of these legislative changes, but this summary process action and its trial took place after some had become effective. Neither party has presented any written argument on these statutory changes. Given the skeletal record before us, we do not address what effect, if any, that statutory history might have on this action.

 “Statements and observations made from the bench prior to the formal issuance of factual findings do not represent binding determinations of the court. The fact-finding process itself necessarily entails shifting and evolving judicial impressions and assessments. A trial judge remains free to adopt, revise or abandon the same until entry of judgment despite any verbal expression of interim opinions or mid-trial colloquy with counsel or witnesses.” Id., quoting Stamm v. Jacobsen, 1987 Mass. App. Div. 185, 185-186.