Pierce, J.
The issue on this appeal is whether the owner of a dog, attacked and injured by a second dog, may recover resulting veterinary costs from the second dog’s owner. After a jury-waived trial and upon finding the defendant-appellants, Irina Deresh, d/b/a Boston Kennels, and Arkady Degtiarov (“defendants”), liable under G.L.c. 140, §155, the trial court awarded damages to the plaintiffs, Marcia and John Irwin (“plaintiffs”), in the amount of their veterinary costs.[4] The defendants contend that the measure of damages should not have been the cost of treating the injured dog, but rather the diminution in value of the dog as a result of the attack. The defendants further argue that the maximum recovery available to the plaintiffs is the market value of the dog. We disagree with both contentions, and uphold the damages awarded by the trial court.
The following findings of fact by the trial court are not in dispute:
On February 17,2007, in the early afternoon, plaintiff John Irwin walked outside his front door with his Bishon Frise, Peppermint. While in Irwin’s front yard, Peppermint was attacked by an unleashed German Sheppard owned by the defendants; a man who had another German Sheppard on a leash accompanied the attacking dog. The German Sheppard held onto Peppermint by the neck, shaking him back and forth, while Peppermint ‘screamed’ in distress. Plaintiff John Irwin, who had been disabled by a stroke in 2003 and walked with a cane, was knocked down in the ensuing fracas, and unable to get up until a neighbor assisted him. The man accompanying the German Sheppards was finally able to separate the dogs. He leashed the attacking dog and walked away with both dogs; a neighbor followed him. Upon being freed, Peppermint ran into the house and hid under a bed in a guest bedroom. The police were called.
Upon plaintiff Marcia Irwin’s return home at approximately 4:00 p.m., *143 she took Peppermint to Veterinary Emergency & Specialty Center of New England in Waltham, MA. Peppermint was in critical condition, with severe internal injuries, external bruising and multiple dog bites over his head, neck, abdomen, and chest. Emergency surgery was performed, wounds were drained and sutured, and a liver lobe was removed. Peppermint remained at the Veterinary Center for four days, and returned twice for follow-up care. The plaintiffs incurred damages of $8608.05 for Peppermint's treatment at the Veterinary Center.
General Laws c. 140, §155 provides that owners and keepers of dogs are strictly liable for any harm done by their dogs to “either the body or property of any person.” The plaintiff need not prove that the owner or keeper was negligent or otherwise at fault or knew or had reason to know that the dog had any dangerous propensities.[5]
Generally, a victim of property damage is entitled to be placed in the position he or she would have been in if the defendant’s wrong had never occurred. J.R. NOLAN & LJ. SARTORIO, TORT LAW §13.11, at 429 (3d ed. 2005). “A fundamental principle on which the rule of damages is based is compensation. Compensation is that amount of money that reasonably will make the injured party whole. Compensatory damages may not exceed this amount. Anything beyond that amount is a windfall.” Kattar v. Demoulas, 433 Mass. 1, 15 (2000).
The defendants correctly contend that for many types of real and personal property, the appropriate measure of damages is the difference between the fair market value of the property before the loss and its fair market value after the loss. This measure of damages presupposes that the fair market value of the damaged property is readily ascertainable and that the diminution of fair market value would be a fair and reasonable measure of the loss suffered by the owner. See Massachusetts Port Auth. v. Sciaba Constr. Corp., 54 Mass. App. Ct. 509, 513-514 (2002). However, “[wjhere diminution in market value is unavailable or unsatisfactory as a measure of damages, courts have routinely turned to replacement or restoration costs as the appropriate measure of damages.” Id. at 516. This reasoning has been adopted most often in the case of “special purpose property” such as real property owned by nonprofit, charitable, or religious organizations, or with certain items of personal property such as heirlooms, paintings, or jewelry, where there is no ascertainable market value. See Trinity Church in the City of Boston v. John Hancock Mut. Life Ins. Co., 399 Mass. 43, 48-49 (1987) (church entitled to recover reasonable costs of restoring church to condition it was in prior to Hancock tower excavation); Leith v. Frost, 387 Ill. App. 3d 430, 436-437 (2008) (where personal property has no market value, the basis for assessing compensatory damages is to determine item’s actual value to plaintiff).
*144 Without romanticizing the relationship between a domesticated animal and its owner, we find that household pets, and dogs in particular, belong to a unique category of personal properly not unlike the “special purpose property” referred to above. Determining damages in the case of injury to a dog involves different considerations than with other types of personal property. A dog should not be placed in the same category as an automobile or appliance, whose market value and replacement cost can be determined with a high degree of accuracy. Limiting damages to the market value of a dog or measuring damages by the diminution in market value would not be a fair and reasonable measure of the owner’s loss.
In awarding damages, the trial court has broad discretion. “Only in rare instances can it be ruled that there has been an abuse of discretion amounting to an error of law.” Casillo v. Worcester Area Transp. Co., 2001 Mass. App. Div. 113, 116, citing Powers v. H.B. Smith Co., 42 Mass. App. Ct. 657, 665 (1997). Awarding plaintiffs the reasonable amount paid in veterinary costs was well within the trial court’s proper exercise of discretion and wholly consistent with the goal of returning the plaintiffs to the position they were in prior to the wrongful conduct. It was reasonably foreseeable that the injured dog would require veterinary care and that such care would be provided at a cost to the injured dog’s owners. There is nothing in the record to suggest that the damages awarded were anything more than the amount actually paid to restore the plaintiffs’ dog to its prior health.[6]
Judgment affirmed.
So ordered.

 The trial court found that the plaintiffs failed to establish liability on claims alleging negligence, trespass, and nuisance.

 The strict liability provisions of G.L.c. 140, §155 do not apply if at the time of the injury the plaintiff “was committing a trespass or other tort, or teasing, tormenting or abusing such dog.” The trial court found that the plaintiffs were not committing a trespass or other tort, nor were they teasing, tormenting, or abusing the defendants’ dog. Those findings are not contested on this appeal.

 The defendants also contend that veterinary costs constitute consequential damages, which may not be recovered under G.L.c. 140, §155. We disagree with both parts of that assertion. First, the trial court correctly concluded that the veterinary costs are direct, not consequential damages. Second, even if they were consequential damages, such damages may be recovered under G.L.c. 140, §155. See Rossi v. DelDuca, 344 Mass. 66, 70-71 (1962) (parent of child injured by defendant’s dog may recover expenses incurred by parent for medical care rendered to child).