Belford, J.
This is an action to recover $12,254 from the defendant/insurer, Hingham Mutual Fire Insurance Company, for damage caused to the plaintiffs’ home. This matter is before this division on the defendant’s appeal from the Dedham District Court’s granting of a motion for summary judgment in favor of the plaintiffs for the $12,254 claimed under the insurance policy and attorney’s fees of $4,125.
We find there was no error.
The undisputed facts are as follows:
Due to a malfunction of the furnace, a pipe burst in the second-story bathroom of the plaintiffs’ property located at 5. Pearce Place in Falmouth, Massachusetts. The pipe caused accumulation of seven feet of water in the basement of the home. The water floated the oil tank and separated the tank from the furnace. The oil leaked out of the tank and caused the contamination of the water. The situation was discovered on February 13,1995, when an oil truck driver tried to deliver an automatically scheduled delivery of home heating oil.
In addition to the accumulation of water and oil in the basement, the damage to the home and personal property totaled $73,282.67. This figure was arrived upon by claims adjusters representing both parties. The amount was paid to the plaintiffs by the defendant with no apparent dispute.
The $12,254 in dispute is for the removal and disposal of the oil-contaminated water in the basement. The Department of Environmental Protection was notified of the oil spill and called Cyn Environmental to remove and dispose of the oil-contaminated water. Cyn Environmental’s fee for the service was $8,971. Additionally, Oceanside, Inc., a company specializing in the cleanup of hazardous materials, was called to remove the debris. The defendant paid for Oceanside, Inc. to remove the noncontaminated debris. However, the defendant refused to pay the $3,283 fee charged for the removal of the contaminated debris. Therefore, the issue in this case is whether any cost related to the contaminated water is recoverable under the homeowners insurance policy issued from the defendant to the plaintiffs for coverage of the premises.
For the following reasons, we affirm the holding of the District Court:
The District Court properly applied the holding established in Jussim v. Massa *68 chusetts Bay Ins. Co., 415 Mass. 24 (1993), to allow the plaintiffs to recover the cost of removing the contaminated water from the basement of their home. The Jussim court held that, if the efficient proximate cause of a loss was an insured risk, there will be coverage even though the final form of the property damage, produced by a series of related events, appears to take the loss outside the terms of the policy. Therefore, in applying the rule established in Jussim, if the broken pipe in the second floor bathroom was the proximate cause of the merger of the oil and water in the basement, the plaintiffs should recover the costs associated with the removal of the liquid even if such a loss appears to be outside the policy. One can clearly make out the chain of events precipitating from the rupture of the pipe in the second floor bathroom of the home. From-all perspectives, the end result is the merger of the heating oil and the water.
The defendant further appeals the District Court’s award of $4,125 for attorney’s fees as a result of a violation of Chapter 93A of the General Laws of Massachusetts. The defendant claims that the plaintiffs’ demand letter, pursuant to M.G.L.C. 93A, is inadequate because it fails to specifically allege the deceptive or unfair trade practice. In furtherance of its argument, the defendant cites Cleff v. Butler, 424 Mass. 413, 423, to advance the proposition that a claimant is foreclosed from relief under M.G.L.c. 93A if the claimant does not specifically allege the unfair or deceptive trade practice. However, we feel that the plaintiffs have met this burden. Specifically, the last paragraph of Mr. Gaffney’s letter clearly states the failure of the defendant to pay the claim is a violation of M.G.L.c. 176D.
Additionally, a judge is not foreclosed from taking additional activities of an insurer into account in reaching his conclusion that the insurer had acted improperly and violated its duty under c. 176D. In regard to insurance claims, the court gives specific examples beyond the facts of the case to demonstrate activities of an insurer in violation of c. 93A The frustration and costs derived from litigation as a result of a failure to settle and the deprivation of a claimant from the use of the funds during litigation are examples of such violations. Although the defendant made reasonable reparations for the damage to the structure and personal property of the plaintiffs, the plaintiffs were not made whole. The frustrations of the plaintiffs are intangible; however, the costs of litigation are readily identifiable. We will not disturb a judge’s findings of fact in a c. 93A claim unless those findings are clearly erroneous. Id. at 420 citing Bressel v.Jolicoeur, 34 Mass. App. Ct. 205, 211. The defendant has not met its burden of establishing that the findings of the District Court were clearly erroneous.
For all of the above reasons, the appeal is dismissed.