Brennan, J.
Aggrieved by the trial judge’s judgment in favor of Plaintiff following his decision to postpone ruling on Defendants Motion for Summary Judgment until after hearing testimony and considering the evidence, the Defendant commenced this appeal in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8A The facts and issues necessary for an understanding of this appeal are as follows:
On or about January 4,1988, Marjorie Skowronski (hereinafter, Plaintiff/Appellee) purchased a diamond from Diamond Jewelers in Worcester, Massachusetts. At tire time of the purchase Marc S. Sachs (hereinafter, Defendant/Appellant) was an employee of Diamond Jewelers, a family business owned by Defendant’s father and brother. At the time of the purchase the Plaintiff presented a diamond to trade in for a more expensive diamond. Plaintiff/Appellee met with Defendant/Appellant, who showed her a number of diamonds of varying sizes and levels of quality. Defendant/Appellant also examined the diamond owned by Plaintiff/Appellee. After the parties discussed the various diamonds Defendant/Appellant presented Plaintiff/Appellee with a written estimate of the cost of the two diamonds that Plaintiff/Appellee was considering. Defendant/Appellant identified these diamonds as representing an F color, WS-1 clarity diamond. In addition, Defendant/Appellant presented Plaintiff/Appellee with his business card, which identified him as “Graduate Gemologist in Residence Gemological Institute of America.” Satisfied with the information that she had received from Defendant/Appellant, Plaintiff/Appellee traded her diamond toward the new diamond. An appraisal was provided to Plaintiff/Appellee by Defendant/Appellant stating that the purchased diamond was worth $5,475.00, and rated it as an F color, WS-1 clarity diamond.
In December 1998, Plaintiff/Appellee took her diamond to Guaranty Jewelers in order to trade it for a bigger stone. When Plaintiff/Appellee’s stone was examined at Guaranty Jewelers she was told that the diamond did not appear to be an F color, WS-1 clarity diamond, but was, in fact, an inferior quality stone.
Plaintiff/Appellee then took the diamond to Defendant/Appellant who was then employed at Sachs Jewelers in Shrewsbury, Massachusetts. Thereafter, the subject diamond was examined by experts at the GIA Gem Trade Laboratory, where it was discovered that the subject stone was of G color and VS-1 clarity, worth approximately $1,500.00. As a result, Plaintiff/Appellee filed a complaint alleging common law negligence, fraud and deceit as well as unfair and deceptive trade practices pursuant to G.L.c. 93A.
On or about November 1, 2000, the Defendant/Appellant filed a Motion for Summary Judgment. The motion was not scheduled for hearing and on the date *54 scheduled for trial Defendant/Appellant requested that the motion be heard prior to trial. Instead, the trial judge chose to hear the case in full and then rule on the Motion for Summary Judgment at the conclusion of the evidence. Both parties proceeded with the trial and at the conclusion of the evidence, the judge denied the Defendant/Appellant’s Motion for Summary Judgment. Subsequently, judgment entered in favor of Plaintiff/Appellee in the amount of $6,000.00 with treble damages pursuant to G.L.c. 93A, along with attorney’s fees of $5,370.00.
Defendant/Appellant filed this appeal, asserting that the trial judge erred by denying Defendant/Appellant’s Motion for Summary Judgment because he impermissibly deferred ruling on the motion until after hearing testimony of witnesses. Defendant/Appellant also appeals the application of G.L.c. 93A as he was not a seller as that term is defined under the statute and because Plaintiff/Appel-lee failed to meet her burden of showing deceit or fraud. Defendant/Appellant further asserts that the trial judge erred in finding for the Plaintiff/Appellee pursuant to G.L.c. 93A because the Plaintiff/Appellee failed to meet her burden of showing unfair or deceptive trade practices on the part of the Defendant/Appellant.
In this case, the Defendant/Appellant claims error in the trial judge’s denial of his Motion for Summary Judgment. A court will grant summary judgment only where there is no genuine issue of material fact. Reisman v. KPMG Peat Marwick LLP, 57 Mass. App. Ct. 100 (2003). Defendant asserts that he is not liable because he was not the actual seller of the diamond and therefore is incorrectly named as a party to the suit. It is thus clear that a genuine issue of material facts exists. There is nothing clearly erroneous in the judge’s decision.
It is clearly established in Massachusetts law that an “appellate court will not disturb the judge’s findings of fact unless those findings are clearly erroneous.” DiCalogero v. Hingham Mutual Fire Insurance Company, 1998 Mass. App. Div. 67. In this case, no requests for findings or rulings of law were filed with the court pursuant to Mass. R Civ. R, Rule 52 (c), and therefore nothing was preserved for appellate review.
For the reasons stated, Defendant/Appellanfs appeal is dismissed.