Curtin, J.
Diana Butt Campbell (“Campbell”) brought suit for unpaid legal fees allegedly owed for services she rendered in the probate of an estate for which Nancy C. Toner (‘Toner”) was the executrix. The case is before this Appellate Division for the third time. After summary judgment for Toner was vacated by this Division, Campbell v. Toner, 2003 Mass. App. Div. 17, the case was tried without a jury. The trial judge found for Toner on the basis that Toner did not contract with Campbell in an individual capacity and, therefore, was not personally liable for the legal services Campbell provided to Toner in the latter’s role as executrix of her aunf s estate (the “Dodge estate”). This Division vacated that judgment for Toner because the parties’ retainer agreement unequivocally stated that Toner had the “primary and direct responsibility for the prompt payment of all attorneys’ fees, costs and disbursements” in connection with the estate. Campbell v. Toner, 2005 Mass. App. Div. 7.
The action was again returned to the trial court for an evidentiary hearing to determine what, if any, fees and expenses remained unpaid for legal services which were specifically rendered by Campbell to probate the Dodge estate and which were not *122 included in the Probate Courts prior award. Campbell admitted she performed work for Toner in connection with the guardianship of Toner’s mother, and those services would clearly not have been performed on behalf of the Dodge estate. After a jury-waived trial, the judge awarded Campbell $4,609.61 in attorney’s fees, which was substantially less than Campbell claimed she was owed. Campbell appealed, arguing that the trial judge failed to follow the decision of the Appellate Division and that the attorney’s fee award was against the weight of the evidence.
The weight and credibility of evidence are, however, matters for the trial courts determination, Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509-510 (1997); Diorio v. Dragan, 2000 Mass. App. Div. 29, 30; and it is not an “appellate court’s function to decide factual issues de novo....” Capitol Bk. & Tr. Co. v. Rickman, 19 Mass. App. Ct. 515, 519 (1985). Instead, “an appeal to this Appellate Division or any appellate court is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial courts rulings.” Hebshie v. Recchiuti, 2002 Mass. App. Div. 88, 89 and cases cited. Questions of law in jury-waived proceedings are customarily preserved by the filing of requests for rulings of law pursuant to Mass. R. Civ. E, Rule 64A. Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251.
Campbell argues that she did file requests for rulings of law which she inadvertently mislabeled as requests for “Findings of Fact.” Campbell’s submissions, however, constituted nothing more than proposed findings of fact.[2] They failed to set forth any statements of law and were devoid of the citation of supporting authority required by Rule 64A Nor did they request any legal ruling on the sufficiency of the evidence to permit or require the fiill amount of attorney’s fees Campbell sought See Mass. R. Civ. E, Rule 64A(b). The trial judge correctly declined to respond to Campbell’s requests for factual findings. See Bottone v. DeFreitas, 2006 Mass. App. Div. 57, 58; F. & G. Pasqualucci, LLC v. Global Naps Realty, Inc., 2004 Mass. App. Div. 69, 70; The Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10, 12.
Given the absence of any issue of law properly preserved for appellate review,[3] Campbell’s appeal is dismissed.
So ordered.

 Campbell’s “Findings of Fact” stated:
“1. That the plaintiff, Diana Butt Campbell, rendered legal services to the defendant, Nancy C. Toner, In the above-entitled matter pursuant to the fee agreement previously entered into evidence.
“2. Legal services performed in connection with the probate of the Dodge Estate from November 1998 through July 2001 remain unpaid.
“3. That said services were rendered by the plaintiff in connection with the probate of the Dodge Estate and were not included in the Frobate Court’s prior award.
“4. The total amount due and owing the plaintiff from the defendant, Nancy C. Toner, is TWENTY-FOUR THOUSAND FOUR HUNDRED SIXTY-SIX DOLLARS AND 11/100 ($24,466.11) In connection with the probate of the Dodge Estate.”

 Campbell essentially argues only that the court’s award of attorney’s fees was “clearly erroneous.” That standard of review is applicable, however, only where a trial judge makes subsidiary findings of fact. Kimball v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 298, 299. The trial judge did not issue any findings of fact in this case and was not required to do so.