Brennan, J.
Plaintiff Ruth E. Davis (“Ruth”) brought this action against her former mother-in-law, Corinne H. Davis (“Corinne”), to enforce the latter’s written promise to pay $40,000.00. Ruth contends on this appeal that Corinne’s promise constituted (1) an enforceable contract, supported by valid consideration, or (2) a promissory note, payable on demand. After a jury-waived trial, judgment was entered in favor of Corinne. Ruth filed this Dist./Mun. Cts. R. A. D. A., Rule 8B appeal.
The parties’ Rule 8B agreed statement of the case, based in its entirety on the trial judge’s “Findings and Order,” indicates that on November 1, 1988, Ruth and her husband, Bryan Davis (“Bryan”), acquired seven acres of land on Brimfield Road in Warren, Massachusetts. On August 19, 1997, Ruth and Bryan conveyed one and one-half acres of that parcel by quitclaim deed to Bryan’s mother, Corinne, for $1.00 in consideration. Corinne built a house on the property and lived there for the next seven years.
In the spring of 2004, Corinne decided to sell her house. The trial judge found that Corinne “marketed her home herself including five showings and negotiated a sales price and satisfactorily performed other tasks involving her selling and moving from the house.” Apparently prompted by Corinne’s sales activity, Ruth drafted the following typewritten document:
As promised, I will give the amount of $40,000.00 to Ruth and Bryan Davis, for the value of the land at 1388 Brimfield Road.
Sincerely, Corinne Davis.
Ruth and Bryan requested that Corinne sign it. On May 2, 2004, Bryan took the document to his mother’s home and told her that if she signed it, it “might save his marriage.”[2] Corinne signed the document on May 2, 2004.[3] Ruth and Bryan signed it sometime thereafter.
Corinne sold her home in July, 2004. When she did not relinquish $40,000.00 of the sale proceeds to her son and daughter-in-law, Ruth commenced this suit.
*124 1. The trial judged ruled that “[t]he document of May 2, 2004 refers to land conveyed to the defendant by the plaintiff on August 19, 1997. This past consideration cannot support this document and it is not binding on the parties.” There was no error.
Elementary contract principles dictate that an enforceable agreement requires an offer, an acceptance, and an exchange of consideration. Northrup v. Brigham, 63 Mass. App. Ct. 362, 367 (2005). The requirement of consideration is satisfied if there is either “a benefit to the promisor or a detriment to the promisee.” Miller v. Cotter, 448 Mass. 671, 684 n.16 (2007), quoting 1 S. WlLLlSTON, CONTRACTS §102 (3d ed. 1957). Past consideration is not sufficient to support a contract. Saggese v. Kelley, 445 Mass. 434, 439 (2005); Conant v. Evans, 202 Mass. 34, 38 (1909). The reason is that past consideration cannot be a bargained-for benefit or detriment because the benefit or detriment has already accrued. Thus, the 1997 conveyance of land to Corinne was completed in 1997 and could not serve as the necessary consideration for her promise to pay money seven years later.
There is no merit in Ruth’s contention that “saving the marriage of her son” provided “potential societal, family and emotional benefits” to Corinne sufficient to constitute consideration for the May 2, 2004 promise. “Affection for a person and the desire to make a provision for him are not valid consideration for a[n] ... exec-utory contract.” Drury v. Hartigan, 312 Mass. 175, 177 (1942). Further, even if Ruth considered herself morally entitled to a share of her mother-in-law’s home sale profits, Massachusetts courts have long held that satisfaction of a moral obligation is not valid consideration for a legally enforceable contract. See Congregation Kadimah Toras-Moshe v. DeLeo, 405 Mass. 365, 366 (1989) (no consideration to support decedent’s oral promise to donate money to synagogue, where synagogue had only a moral, not a legal, obligation to commemorate the decedent); Gishen v. Dura Corp., 362 Mass. 177, 186 (1972) (corporate officer’s moral obligation to pay corporation’s debt not sufficient to support valid modification to bind officer personally); Earle v. Coburn, 130 Mass. 596, 598 (1881) (“[m]oral duties are defined and enforced in a different forum” than a court of law).
2. Arguing that the May 2, 2004 document simply memorialized Corinne’s oral agreement in 1997 to pay for the cost of the land in the future, Ruth also charges error in the trial judge’s ruling that evidence of the alleged prior oral agreement was barred by the Parol Evidence Rule.[4] The court heard testimony de bene from Ruth that Corinne could not afford to pay for the land in 1997; and that her future payment of the cost of the land, or her providing in her will for her son,[5] was “contemplated” at the time Ruth and Bryan conveyed the land to her for $1.00. Conversely, Corinne contended that her family’s 1997 conveyance of the land for $1.00 was a gift to her.
Ruth argues, specifically, that the trial judge failed to “make findings or rulings on the issue of whether the August 19, 1997 transfer ... constituted the entire agreement of the parties.... The court should have admitted additional consistent terms that support the claim of an oral promise where the additional terms are consistent with the August 19, 1997 transaction.” Contrary to Ruth’s contentions, *125 the trial judge was not required to make a specific finding of integration; the same may be inferred as the basis of the courf s application of the Parol Evidence Rule. Second, the primary question before the court was not whether the 1997 deed was an integrated agreement of the parties, but whether the 2004 document was an integrated contract.
The question of integration “is one of fact reserved for the trial judge, whose resolution of that issue will not be reversed unless clearly erroneous.” Starr v. Fordham, 420 Mass. 178, 188 n.8 (1995), quoting Cambridgeport Sav. Bank v. Boersner, 413 Mass. 432, 436 n.7 (1992). In applying the clearly erroneous standard, due deference must be given to the trial judge’s firsthand view of the evidence and better position from which to assess its weight and, particularly, its credibility. Based on a review of the entire evidence as presented in the parties’ Rule 8B statement, we are not “left with the definite and firm conviction that a mistake” was made in the judge’s implicit finding of integration and his application of the Parol Evidence Rule. J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 792 (1986), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
3. Finally, Ruth argues that as her complaint sought recovery for breach of an “agreement,” the court could have enforced the May 2, 2004 writing as a promissory note instead of a contract, and that the trial judge erred in failing to rule on the promissory note issue. The short answer to Ruth’s contention is that it was her procedural duty to raise and preserve the issue in the trial court by filing proper Mass. R. Civ. R, Rule 64A requests for rulings of law. Campbell v. Toner, 2006 Mass. App. Div. 121, 122; Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251. She failed to do so,[6] and has thereby waived any right to appellate review of this issue. Ansara v. Katz, 2006 Mass. App. Div. 143, 144.
Judgment affirmed.

 It did not.

 The trial judge found that Corinne “was experiencing medical problems, had recently had her gall bladder removed and was on medications” on May 2, 2004 when her son arrived to ask for her signature. The judge found, however, that Corinne was competent on the date in question, and that there was no evidence of fraud or duress.

 The Parol Evidence Rule provides that “[wjhere a writing appears to express the entire transaction or agreement entered into between the parties thereto, extrinsic evidence of prior or contemporaneous oral or written representations will not be admissible to vary, alter, or control the written agreement.” Spileos v. DiCenso, 1994 Mass. App. Div. 139, 140, citing K.B. Hughes, Evidence §421 (1961).

 The judge found that Corinne executed a will in 1998 that contained a monetary bequest to Bryan, but that the will was later revoked. The judge concluded that the will was not relevant to the transaction at issue in this case.

 There is nothing in the parties’ Rule 8B record to suggest that the question of a promissory note was ever raised at trial. The defendant-appellee’s brief states that Ruth presented the issue for the first time in a posttrial memorandum that is not in the record before us.