Swan, J.
The defendants, Michael and Beth O’Rourke[3] (“the O’Rourkes”), hired the plaintiff, Peter Porcaro d/b/a Better-Way Home Improvements (“Porcaro”), to remove several windows from their home in Westborough and install new ones. The work was done, and almost all the contract price paid, when the O’Rourkes were informed that nonconforming windows had been installed. The parties submitted to arbitration pursuant to G.L.c. 142A, §4(b), and, after a hearing, the arbitrator entered an award for the O’Rourkes. Porcaro brought suit against the O’Rourkes by way of appeal from the arbitration award in a trial de novo[4] and for damages for breach of *219 contract, malicious prosecution, conspiracy to breach a contract, and breach of the covenant of good faith and fair dealing. The O’Rourkes counterclaimed for breach of contract and violations of G.L.c. 93A. After a bench trial, the court below found for the O’Rourkes on Porcaro’s claims and their counterclaims, and awarded the O’Rourkes treble damages and attorney’s fees. Porcaro appealed.
From nearly eight hundred pages of documents and trial testimony, the following facts could be found. The O’Rourkes met with Porcaro, a home improvement contractor, at their home at 35 Chestnut Street in late July, 2004. He showed them several samples of replacement windows for the house. The parties executed a contract on July 31,2004,[5] calling for the supply and installation of eleven windows, with specifications as to style and material, and with screens and capping for the casings and sills. Porcaro agreed to dispose of all old windows. The total price for the work was $19,100.00, with scheduled payments. The windows were delivered to the site on September 23, 2004, and installed on October 16. At no time did Porcaro obtain a building permit for the project. Two days after installation and payment of all but $200.00 of the contract price, Paul Meredith ("Meredith”), Porcaro’s installation subcontractor, contacted the O’Rourkes and told them that the windows he had installed were about 3/4” too small for the existing window openings, that he had so informed Porcaro, and that Porcaro had told Meredith to put them in anyway and to fill in the resulting gaps “with some wood” and cover them with “clam shell” casing, which was “totally out of character with the rest of the house.” Prior to telling the O’Rourkes this, Meredith had had a falling out with Porcaro because Meredith had refused Porcaro’s demand to sign a “release... [mjaking [Meredith] responsible for the window job,” and Porcaro had, in turn, fired him without paying him for either the O’Rourkes’ project or another project.
Robert Jeffrey Stevenson (“Stevenson”), a contractor who had done work for Michael O’Rourke’s company in the past, examined the windows and determined that they were too small for the window openings. He took the casings off one of the windows, placed his hand in the center of the window, and pushed with little effort; “the window moved about an inch.” In his opinion, the windows were installed incorrectly in an unworkmanlike manner.
The O’Rourkes sent Porcaro a demand letter pursuant to G.L.c. 93A, and the parties submitted to arbitration required by G.L.c. 142A. After a hearing, the arbitrator issued written findings, stating that Porcaro “ha[d] deceived [the O’Rourkes], but was able to obtain payment for work incorrectly done,” and that the O’Rourkes “paid for additional repapering and painting of new casings, at an additional expense of approximately $2,300.00.” He awarded the O’Rourkes $11,300.00, plus the arbitration fee of $450.00.
At trial, both Porcaro and his expert, Peter F. DePriza, a contractor and former building inspector for the town of Andover, testified that the windows were installed correctly, and that it was discretionary with local building inspectors whether to require a building permit for window replacement. Neither gave evidence as to the policy of the Westborough inspector. Asked what the replacement cost of the win *220 dows was, Stevenson, on the O’Rourkes’ behalf, answered, “I’m going to just shoot from the hip, I would say probably about twenty grand, probably a shade more.”
Adopting in part and rejecting in part the arbitrator’s findings, the trial judge found that Porcaro “wilfully failed to obtain a necessary building permit and wilfully had windows installed in [the O’Rourkes’] home which he knew to be too small for the openings.” The judge found that the O’Rourkes had neither breached the contract nor conspired with Meredith to do so, and that Porcaro’s claims for malicious prosecution and breach of the covenant of good faith and fair dealing were frivolous. On the O’Rourkes’ counterclaims, he found that Porcaro had breached the contract by installing undersized windows, and violated G.L.c. 93A by failing to obtain a building permit and knowingly and wilfully “installing windows of an improper size [which] is as egregious a violation of consumer protection laws as there can be.” He ordered judgment to enter for the O’Rourkes for $20,000.00, trebled to $60,000.00, together with their counsel fees. Upon application of the O’Rourkes’ attorney, the judge awarded them attorney’s fees of $20,269.93.
Porcaro alleges error on a number of grounds: (1) that the damages award was excessive; (2) that the judge’s findings that the windows were 3/4” too small and that Porcaro wilfully failed to obtain a building permit, together with his findings against Porcaro on his claims, were against the weight of the evidence; (3) that various trial and pre- and posttrial rulings were erroneous, namely, allowance of excessive attachments, and denial of Porcaro’s motions to add Meredith as a third-party defendant, to sequester witnesses, to exclude the testimony of Stevenson, and for a new trial; (4) that the award of legal fees was erroneous; (5) that he was deprived of his right to a jury trial; and (6) that the arbitrator, the pretrial judges, and the trial judge were biased against him.
Taking these issues out of order, we address first Porcaro’s challenge to the earlier proceeding, namely, the arbitration. Porcaro is a home improvement contractor and, as such, was obliged to submit to arbitration in his dispute with the O’Rourkes pursuant to G.L.c. 142A. Reddish v. Bowen, 66 Mass. App. Ct. 621, 626 (2006). The O’Rourkes permissibly filed a G.L.C. 93A demand in that proceeding. Booth v. Augis, 72 Mass. App. Ct. 164, 167 (2008). The resulting arbitration award against Porcaro was, according to him, driven by the O’Rourkes’ “false claims” and the arbitrator’s “bias” against him. Although the record contains no evidence of either bias or blind acceptance by the arbitrator of “false claims,” Porcaro had a statutory remedy, namely, an appeal to the district court, G.L.c. 142A, §4(e), of which he availed himself, as did the O’Rourkes with their breach of contract and G.L.c. 93A counterclaims. While the arbitrator’s decision was given prima facie effect, G.L.c. 142A, §4(d), the appeal was not limited to a narrow review of the arbitration award. Cf. Superadio Ltd. Partnership v. Winstar Radio Prods., LLC, 446 Mass. 330, 333-334 (2006). To the contrary, it was by statute a full de novo proceeding, G.L.c. 142A, §4(e), designed to “resemble an ‘original’ trial court action more than an ordinary appeal.” Booth, supra at 168. And indeed, an “original” trial is what occurred. Evidence was received and testimony taken, resulting in extensive findings in which the judge, as noted, independently accepted in part and rejected in part the arbitrator’s findings and, thereby, superseded them. Thus, any defects in the arbitration, which in any event are not apparent in the record, were corrected by the trial court’s decision and are of no consequence. But, as Porcaro finds as much fault with the judge’s actions as with the *221 arbitrator’s, we must turn now to the errors alleged in the court below.
Porcaro argues that the judge’s findings that the windows were 3/4” too small and that Porcaro wilfully failed to obtain a building permit were against the weight of the evidence. Porcaro, however, failed to file requests for rulings of law Under the district court rules in effect at the time, a party had a “procedural duty to raise and preserve the issue in the trial court by filing proper Mass. R. Civ. P, Rule 64A requests for rulings of law.” Davis v. Davis, 2007 Mass. App. Div. 123, 125. Failure to file requests for rulings “thereby waived any right to appellate review” Id. See also Campbell v. Toner, 2006 Mass. App. Div. 121, 122; Sachs v. Skowronski, 2003 Mass. App. Div. 53, 54, rev'd on other grounds, 62 Mass. App. Ct. 630 (2004). While Porcaro did move for involuntary dismissal of the O’Rourkes’ counterclaims pursuant to Mass. R. Civ. R, Rule 41(b) (2), he waived that motion “by go[ing] forward with his own evidence” and then failing to renew the motion. Cambridge Chamber of Commerce v. Central Sq. Ins. Agency, Inc., 1999 Mass. App. Div. 27, 29. In any event, the judge heard sufficient evidence on which he could find a breach of contract and the commission of unfair and deceptive practices, in violation of G.L.c. 93A, by Porcaro.
“A material breach of an agreement occurs when there is a breach of ‘an essential and inducing feature of the contract!] Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass. App. Ct. 391, 396 (1992), quoting Bucholz v. Green Bros. Co., 272 Mass. 49, 52 (1930). There was testimony that Porcaro had agreed to install certain windows for an agreed price; the O’Rourkes had substantially performed by payment, and Porcaro had installed the wrong windows. As for violations of G.L.c. 93A, ordering Meredith to install windows he knew to be undersized was both unfair, i.e., “immoral, unethical, oppressive, or unscrupulous,” PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975), and deceptive, i.e., that it “could reasonably be found to have caused a person [here, the O’Rourkes] to act differently from the way he otherwise would have acted.” Lowell Gas Co. v. Attorney Gen., 377 Mass. 37, 51 (1979). In addition, G.L.c. 142A, §17 states, “Violations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A.” Porcaro violated this very section in two ways: “deviating from or disregarding plans or specifications in any material respect without the consent of the owner,” G.L.c. 142A, §17(2) (installing undersized windows), and “violation of the building laws of the commonwealth or of any political subdivision thereof.” G.L.c. 142A, §17 (10) (failing to obtain a building permit as required by the State Building Code, 780 CMR110 et seq.). An appellate court “will not disturb a judge’s findings of fact unless those findings are clearly erroneous.” DiCalogero v. Hingham Mut. Fire Ins. Co., 1998 Mass. App. Div. 67. See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997). The evidence supports the findings of the trial judge, who saw and heard all the witnesses and who was permitted by statute to give the arbitrator’s award prima facie effect under G.Lc. 142A, §4 (d). “In applying the clearly erroneous standard, due deference must be given to the trial judge’s firsthand view of the evidence and better position from which to assess its weight and, particularly, its credibility.” Davis, supra. The mere fact that Porcaro produced countervailing evidence of his claims and defenses did not require the judge to accept it. The court’s findings were not clearly erroneous.
Porcaro contends that the award of damages was excessive. ‘The existence and *222 amount of damages are questions of fact for the trial judge,” Brito v. Loft & Ladle Restaurant, 2006 Mass. App. Div. 115, 116, and will not constitute error unless the award was “greatly disproportionate to the injury proven or represented a miscarriage of justice.” doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975). The evidence warranted a finding that the O’Rourkes’ measure of damages was the cost of replacing the nonconforming windows. Although Stevenson’s appraisal of $20,000.00 as “shooting from the hip” was less than artful, it was received into evidence without objection, and the judge was entitled to rely on it. With respect to damages, it “is within the province of [the] finder of fact to believe as much of any witness’ testimony, or as little of any witness’ testimony, as that fact finder sees fit.” Panagiotes v. Demoulas Mkt. Basket, Inc., 2004 Mass. App. Div. 118, 119. The judge further determined that Porcaro had engaged in unfair and deceptive practices by wilfully failing to obtain a building permit and then ordering his subcontractor to install windows that were too small, indeed so small, according to the O’Rourkes’ expert, as to move almost an inch when gently pushed. It is no wonder, then, that the judge concluded that Porcaro’s actions were “as egregious a violation of consumer protection laws as there can be,” and justifiably trebled the damages pursuant to G.L.c. 93A, §9(3). Porcaro also fails to show that the attorney’s fees awarded were unreasonable, excluding as he has from his multi-volume appendix a complete copy of the affidavit and billings which the O’Rourkes’ counsel submitted in support of his motion for fees and upon which the judge relied in making the award of $20,269.93.[6] From what we have seen of the record, the fee award in no respect appears unreasonable, and was fully authorized by G.L.c. 93A, §9(3A), (4). Giving “due regard to the opportunity of the trial judge to assess the credibility of the evidence,” Brito, supra, we find that the total damages award was neither greatly disproportionate to the injury proven, nor a miscarriage of justice.
Porcaro moved in limine to exclude the O’Rourkes’ expert, Stevenson, from testifying because Porcaro had not been given notice of the expert’s opinion. In fact, however, the O’Rourkes’ counsel provided just such notice in a supplemental pretrial memorandum submitted almost two months before trial. More telling is the fact that the expert’s written report was before the arbitrator, some eighteen months before trial. There was ample notice and no surprise. Porcaro alleges also that the denial of his motion to implead Meredith as a third-party defendant was error. The record appendix includes only his motion, filed some three months after replying to the O’Rourkes’ counterclaims, a subsequent letter from him actually removing the motion from the motion list, and an opposition filed by Meredith, but omits any decision on the motion, or any indication whether it was even acted upon, leaving this Division with nothing to decide on this issue. Moreover, as was shown at trial, Porcaro had filed a separate suit against Meredith in another court, obviating any need for an impleader.
Porcaro’s claim that he was denied his right to have witnesses sequestered, which was never asserted before witnesses were called, is answered simply. There is no *223 such right in a civil trial. See Zambarano v. Massachusetts Turnpike Auth., 350 Mass. 485, 487 (1966).
Porcaro argues that the trial judge was biased against him. To the contrary, the court from the outset of trial warned Porcaro, who was self-represented, of the dangers of proceeding without a lawyer in a G.L.c. 93A case, with the potential exposure of triple damages and the award of the adverse party’s counsel fees, especially when the arbitrator’s findings were given statutory prima facie effect, and when one of the alleged violations, namely not getting a building permit, seemed reasonably clear from the outset. Porcaro’s failure to heed that advice was of his own choosing, and the consequences were of his own doing. Moreover, throughout the proceeding, Porcaro relentlessly tried the patience of the court with repetitive questioning and unnecessary speechifying. With occasional but appropriate firmness, the judge had to remind Porcaro to allow witnesses to answer his questions and to avoid intertwining his examination of witnesses with his own testimony. The fact that the judge, perhaps too generously, allowed Porcaro to amass hundreds of pages of testimony and exhibits, much of it redundant and irrelevant, and followed up the trial with extensive written findings, and then permitted Porcaro to argue at length on his motion for a new trial, belies any suggestion that this justice had prejudged the case. In short, Porcaro “has failed to point out in any concrete way how the judge’s conduct might have harmed him apart from the judge’s decisions already discussed.” Poly v. Moylan, 423 Mass. 141, 150 (1996).
Porcaro also claims that he was denied his right to a jury. This time he blames not the court, but opposing counsel. Both parties had demanded a jury trial in their original pleadings, and thereafter, neither could waive a jury without the other’s consent. Mass. R. Civ. P., Rule 38(d). Porcaro cites a telephone call he had with counsel during which he was persuaded that, in Porcaro’s words, “he could get stuck with all homeowners on the jury that don’t think highly of contractors and get hammered,” and agreed to waive a jury. In his self-serving brief, he states that he later tried to contact counsel to retract his agreement to a bench trial, but was ignored. However, had Porcaro truly wanted a jury trial, all he had to do was inform the judge at the commencement of the trial that he was no longer consenting to a waiver. Instead, his very opening words at trial were, “Good morning, Your Honor. I’m Peter Porcaro, the Plaintiff, Pro Se. This is for a bench trial.” There could not be a much clearer waiver of a jury than that.[7]
Porcaro alleges other acts of misconduct by the O’Rourkes’ attorney. Most revolve around discovery disputes and other pretrial matters. With respect to discovery, Porcaro and the O’Rourkes’ counsel were both cited, at different times, for noncompliance, for which costs were imposed. In other words, justice was equally *224 served. Porcaro also complains that the real estate attachment against him was excessive and proved to be greater than the amount of the judgment. His remedy was to move to reduce or dissolve the attachment, or release some of the property attached, pursuant to G.L.c. 223, §114. He did not do so. Finally, Porcaro accuses counsel of providing legal services and ghostwriting for Meredith, an allegation that is not substantiated in the record and, in any event, has no relevance to the case.
Following the judge’s decision, Porcaro, as noted, moved for a new trial, grounded on issues raised in this appeal. The motion was denied. The denial of a motion for a new trial rests with the discretion of the trial judge and will not be disturbed absent an abuse of discretion. An abuse of discretion is defined as "judicial action ‘that no conscientious judge, acting intelligently, could honestly have taken.’” Bartley v. Phillips, 317 Mass. 35, 43 (1944), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 502 (1920). See also Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 61 (1948). No abuse of discretion occurred here.
Porcaro has raised several additional arguments in his brief, which are without any merit and require no discussion.
We make one final note. In his pleadings, in his conduct at trial, and even in his appellate brief, Porcaro has engaged in a veritable barrage of ad hominem attacks on the judges, the arbitrator, and the O’Rourkes’ counsel and their witnesses, base-lessly impugning their integrity and their honesty. We find his comments, to say the least, boorish, offensive and false.
Judgment affirmed. Appeal dismissed.
So ordered.

 Also spelled O’Rorke in the record.

 Porcaro is a home improvement contractor governed by G.L.c. 142A, and must submit to arbitration any dispute with a customer pursuant to G.L.c. 142A, §4(b). Either party may appeal the arbitrator’s decision to the district court for a trial de novo, G.L.c. 142A, §4(e), at which all “findings of fact issuing from arbitration shall be taken as prima facie evidence.” G.L.c. 142A, §4(d).

 The arbitrator found, but the trial judge did not, that the contract was executed on August 4, but backdated to July 31.

 Porcaro seems most concerned about being billed twice for a $975.00 sanction imposed during the pretrial stage for noncompliance with discovery. By not including counsel’s submission in his appendix, his claim of double billing must fail.

 In criminal trials, a defendant’s jury waiver must be in writing, G.L.c. 218, §26A; Mass. R. Crim. R., Rule 9(a), coupled with “an oral colloquy between judge and defendant to ensure that a jury waiver is made voluntarily and knowingly.” Commonwealth v. Osborne, 445 Mass. 776, 780 (2006). See also Dist./Mun. Cts. R. Crim. R, Rule 4(e). No corresponding requirement applies in civil trials, where the mere nonassertion of a jury trial constitutes a waiver. Mass. R. Civ. R, Rule 38 (d). As above noted, Porcaro’s introduction was all the waiver that needed to be made.