Swan, J.
The plaintiff, Wen Y. Chiang (“Chiang”), a former tenant of the defendant, Naomi Kuzoian (“Kuzoian”), sued Kuzoian for violations of G.L.c. 186, §14, charging her with sanitary code infractions and deprivation of quiet enjoyment at the Arlington apartment he rented from her (“premises”), diminution in value due to these defects, and misrepresentation of the heating costs. Chiang’s complaint included a claim for unfair and deceptive acts in violation of G.L.c. 93A. Kuzoian counterclaimed for two months of unpaid rent. After a trial in the Cambridge Division of the District Court Department, a jury found for Kuzoian on all counts except the G.L.c. 93A claim,[1] and awarded her the back rent she sought of $2,400.00. Chiang has appealed that judgment on the grounds of alleged errors committed by the judge at trial.
1. The first alleged error was the judge’s allowing Kuzoian to cross-examine Chiang about some twenty civil actions Chiang had apparently commenced within the preceding year against banks, airlines, and other service providers, in an attempt to paint him as a pursuer of frivolous lawsuits. Chiang states that his pretrial motion in limine, dated May 11, 2009, the day the trial occurred, to prohibit Kuzoian “from mentioning, alluding to, or in any fashion presenting” this evidence was denied. The record appendix contains a copy of the purported motion, but neither the transcript, nor the docket, indicates what, if any, ruling the court made on it — a deficiency of a type that recurs throughout this appeal. In fact, the motion itself is not even docketed. Chiang’s counsel did make a single objection at the beginning of the cross-examination on these other cases, Mass. G. Evid. §103 (a) (3) (2010), to which objection the court replied, “Noted,” from which we infer that the objection was overruled, and the issue has thus been preserved for appeal.
Kuzoian does not credibly explain how Chiang’s frequent resort to the courts was relevant, or how its potentially prejudicial effect was outweighed by its probity. She struggles to show that it affected Chiang’s veracity and “his propensity and motive for filing frivolous lawsuits.” “Evidence of other... acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, nature of relationship, or absence of mistake or accident.” Mass. G. Evid. §404(b) (2010). We fail to see how Chiang’s “motive” or “plan” in commencing other actions against other defendants on other unrelated matters is relevant to whether the apartment he rented was uninhabitable. Equal access “to the courts both for relief and for defence under like conditions and with like protection and without discrimination” is a fundamental constitutional right. Arizona Commercial Mining Co. v. Iron Cap Copper Co., 236 Mass. 185, 194 (1920). True, Kuzoian did not attempt to introduce this evidence as part of her case, and used it only in cross-examining Chiang. Jennings v. Rooney, 183 Mass. 577, 579 (1903). See also Commonwealth v. Greenberg, 339 Mass. 557, 580-581 (1959). But although Chiang explained that he was the plaintiff in only one of the cases and that *128 the plaintiff in the others was his brother who had the same first and last name as he[2] and who was currently living outside the United States, and although Kuzoian’s counsel made no attempt to contradict him with collateral evidence, Hathaway v. Crocker, 7 Met. 262, 266 (1843),[3] the cross-examination was relentless. She confronted Chiang with document after document,[4] telling him, “I’m just please asking you to read. You read this and then this. This and then this.... Could you read the next one, please?... Okay. The next one, please?... Next one, please?... Would you read the next one? ... Next one? ... Northwest Airlines? ... Oh. There’s more than one case?” and so forth. Each time Chiang, in response, read the name of the case: “Wen Chiang versus...” Thus, even without the admission of collateral evidence, and even with Chiang’s consistent denials that he was the plaintiff in almost all the cases, we cannot escape the conclusion that the jurors received the desired message: Chiang had a propensity to file nuisance suits, and this must be one of them.
The prejudicial evidence was sandwiched in between Kuzoian’s counsel’s opening and closing statements to the jury. In her opening, counsel said: “ [T] he evidence will show three things; that Mr. Chiang sues people for [a] living; that Mr. Chiang files frivolous lawsuits, hoping people will back down, that big corporations will fail to show up, and that he’ll get a default judgment; that ordinary people won’t have the resources to fight back. Well, he’s out of luck today. My client is here, and she’s defending this case.” Her closing argument was no better: “I told you what evidence we would be presenting here today, evidence regarding Mr. Chiang’s propensity to file lawsuits, his motives for suing Ms. Kuzoian.... The evidence has shown that Mr. Chiang is looking for a quick pay day off the back of my client, Naomi Kuzoian.” Both statements were met by silence — Chiang’s counsel interposed no objection. Harlow v. Chin, 405 Mass. 767, 703-706 (1989). But coming as they did at the beginning and end of the trial, they clearly exacerbated the effect of the evidence to which objection was made.
2. Chiang’s counsel also objected to the following question by Kuzoian on cross-examination: “[A]nd did you pay those funds [for two months rent] into any escrow account or with the clerk of court?” Chiang’s objection was overruled. The question was an inquiry into Chiang’s compliance with the so-called rent withholding statute, G.L.c. 239, §8A, which provides in part:
The court after hearing the case [for summary process] may require the tenant or occupant claiming under this section to pay to the clerk of the court the fair value of the use and occupation of the premises less the amount awarded the tenant or occupant for any claim under this section, or to make a deposit with the clerk of such amount or such installments thereof from time to time as the court may direct, for the occupation of the premises.
*129 Of course, the action here was not one by a landlord for possession, so the deposit provision did not apply, and Chiang had no obligation to make such a deposit. Indeed, G.L.c. 239, §8A provides for such payments only after, and decidedly not before, a summary process trial awarding damages on a tenant’s counterclaim for breaches of warranty or a rental agreement, or violations of law. The ill effect on Chiang again was exacerbated by Kuzoian’s counsel’s unobjected to, but legally erroneous, comments in her opening and again in her closing arguments as to Chiang’s failure to put withheld rent into an escrow account.[5]
The verdict “was adverse to [Chiang], and, as this incompetent evidence was prejudicial, we have no means of knowing that it did not influence the jury to his harm.” F.W. Stock & Sons v. Dellapenna, 217 Mass. 503, 507 (1914). We are, accordingly, required to order a new trial.
3. We address one other issue that will likely occur on retrial. Chiang argues that the trial court erroneously excluded from evidence a notice from the Arlington board of health that advised Kuzoian of sanitary code violations at the premises. Specifically, Chiang contends that a lobby conference was held with the trial judge on January 12, 2009, the day originally scheduled for trial, and that the judge informed Chiang’s counsel at that time that the document was not in admissible form. There is, however, no transcript of the lobby conference, a recommended procedure for anyone wishing to memorialize such conferences, see Murphy v. Boston Herald, Inc., 449 Mass. 42, 57 n.15 (2007), although the docket does recite, “Documentation was not properly documented as evidence for pltf.” Chiang argues that at the trial on May 11, 2009, he offered the document and it was excluded. The only evidence of this exclusion is a sidebar conference, at which counsel for both parties debated over the admissibility of the document. Part of the debate focused on whether the document then offered was in the same form as that presented at the lobby conference. “This was added,” said Chiang’s counsel, without indicating what “This” was. Chiang’s counsel then said he would “put in” the document for “I.D.” At that point, the transcript trails off with no final ruling by the judge, and no actual marking of the proffered document.[6] With no proper preservation of a ruling, either in the lobby or at sidebar (other than a preliminary ruling entered on the docket as to a document that appears to be different from the one offered at trial), we are unable to review its propriety.
Included in the record appendix is what purports to be the excluded board of health notice. The document recites that a February 13,2007 inspection of the premises revealed exposed insulation in a kitchen cabinet, a hole in the kitchen wall, a gap in the kitchen window frame, cracks in the bathroom walls and ceilings, an unse *130 cured porch, a loose handrail on the front stairway, and brush and debris in the front yard. The document further states that by June 11,2007, “all violations... have been corrected." It is signed by the health compliance officer, who participated in the inspection. It is further endorsed both by the director of health and human services and deputy legal custodian as “[a] true copy true [dc] attest Signed under the pains and penalties of perjury,” and by the town clerk, who certified the genuineness of the signature of the director of public health. We reiterate that we cannot discern whether the document was in this form when it was presented to the trial judge. Attested as it is by the legal custodian, it does appear, at least presently, to comply with the requirements of admissibility set forth in G.L.c. 233, §76.[7]
4. Finally, citing the American Bar Association, but not the Massachusetts, Code of Judicial Conduct, Chiang’s brief concludes that the judge became “hostile” toward Chiang during the January 12, 2009 lobby conference and was biased against him. To repeat, there is no transcript of the lobby conference. There is, furthermore, no foundation anywhere in the record for this statement. Chiang at no time moved that the judge recuse herself, a significant factor in the consideration on appeal of a wholly unsubstantiated claim of judicial bias. McCarthy v. Quirk Nissan, Inc., 2009 Mass. App. Div. 159, 164 n.6. A self-serving affidavit of Chiang’s counsel, accusing the judge of bias, is included in his brief, in complete derogation of the rules of this Appellate Division, and we disregard it in its entirety.[8] Indeed, had counsel been more attentive in articulating the bases for his objections — and for that matter, in making objections — the reversible errors herein discussed might well have been avoided by the judge. What we are left with, then, are baseless ad hominem attacks in Chiang’s brief on the trial judge’s impartiality. We have in the past found such comments to be abhorrent and out of order, see Porcaro v. O’Rourke, 2008 Mass. App. Div. 218, 224, and we do so here.
Given the necessity for a new trial, we do not reach other issues raised on this appeal except to note generally that, based on the inadequate record presented to us, no other errors have been established.
Judgment for the defendant is vacated, and the case is returned to the Cambridge Division for a new trial.
So ordered.

 Chiang’s G.L.c. 93A count was not submitted to the jury. The record appendix is silent as to the trial judge’s ruling on that count; but, in his brief, Chiang states that “the trial court entered judgment for Kuzoian on Chiang’s claims,” and we thereby conclude that all his claims were included.

 Wen C. Chiang, as opposed to Wen Y. Chiang.

 “The rule is, that when the question is of this description, relative to a fact collateral to the issue, and not material to it, the answer of the witness must be taken as it is, and other evidence cannot be offered to contradict him.” Hathaway, supra.

 The documents, presumably, were copies of trial court dockets. Kuzoian attempted to bring those dockets, not admitted into evidence, before this Appellate Division in a proffered, but excluded, supplemental appendix.

 In her opening, counsel stated: “Mr. Chiang withheld... $2400 of rent, which was two month’s rent, but he did not put this money into an escrow account, which he should have done.” In closing, she argued: “[A]nd he didn’t put $2400 in an account, an escrow account.”

 Chiang’s brief includes an affidavit by counsel that the trial judge did so rule. We cannot accept the affidavit as a substitute for the record. If any of the recording of the trial was inaudible, it was incumbent on counsel to settle the record by means of the procedure set forth in Dist./Mun. Cts. R. A. D. A, Rule 8C.

 Section 76 states: “Copies of books, papers, documents and records in any department of the commonwealth or of any city or town, authenticated by the attestation of the ofBcer who has charge of the same, shall be competent evidence in all cases equally with the originals thereof; provided, that, except in the case of books, papers, documents and records of the department of public utilities or the department of telecommunications and cable in matters relating to common carriers, and of the registry of motor vehicles, the genuineness of the signature of such officer shall be attested by the secretary of the commonwealth under its seal or by the clerk of such city or town, as the case may be” (emphasis added).

 This is the same affidavit cited in note 6, supra.